JOHN McCARTHY, Respondent, v. THOMAS M. WOLFE, Appellant.

*Bailment—Agistment—Negligence—Practice—Trials.*—A bailee taking cattle to pasture and keep is not an insurer, and is only liable for losses occasioned by his own negligence. Where the petition alleged that cattle bailed to pasture were lost through the carelessness and negligence of the bailee, the burden of proof to show negligence is upon the plaintiff; and if that be not shown, the defendant may ask the court to instruct the jury that the plaintiff is not entitled to recover.

*Appeal from St. Louis Circuit Court.*

*R. S. McDonald, M. L. Gray,* and *F. Garvey,* for appellant.

I. The court erred in refusing the 1st instruction asked by the defendant, to-wit, "that upon the proof made the the plaintiff could not recover."

Plaintiff alleged the loss of the cattle "through the carelessness, negligence and improper conduct of defendant." Defendant denied this, and thus the burden was on plaintiff to prove that they were lost by default of defendant. Plaintiff did not sue for a non-delivery, but for a loss by the neg-ect of defendant—4 Eng. Law & Eq. 531, 535-6; 3 East,

McCarthy v. Wolfe.

192, 197–8 ; 8 Ind. 530 ; 2 Kent, 587 ; Sto. on Bail. § 410 ; 7 Humph. 134 ; 24 Mo. 600.

*Van Wagoner*, for respondent.

FAGG, Judge, delivered the opinion of the court.

This was an action on the part of the respondent to re-cover of the appellant the value of fifteen head of cattle, al-leged to have been lost through his carelessness, negligence, and improper conduct ; they were alleged to be worth the sum of five hundred dollars, and constituted a portion of a large lot of cattle which plaintiff had put in charge of the defendant to be fed and taken care of at a stipulated price. It is further averred that eighty-four head of the number in defendant's possession were upon request redelivered to the plaintiff.  The following extract from the petition shows substantially the cause of action as set out by the plaintiff after stating the redelivery aforesaid :  " But the defendant intending to deceive and defraud the plaintiff in this behalf, did not take due and proper care of the residue, namely, of fifteen of said cattle, or safely or securely keep said .fifteen cattle for the said plaintiff ; nor did nor would the defend-ant, when he was so requested as aforesaid, or at any time before or afterwards, redeliver to the plaintiff said fifteen cattle, but, on the contrary thereof, the said defendant so carelessly behaved and conducted himself with respect to said cattle, and took so little and bad care of said cattle, that by and through the carelessness, negligence and improper con-duct of the defendant, fifteen of said cattle, of the total value of five hundred dollars, became and were and are wholly lost to said plaintiff," &c.   The issue thus tendered by the peti-tion was fully met by the answer, and upon the trial in the St. Louis Circuit Court the plaintiff had judgment for two hundred dollars.

The only question presented by the appeal to this court is as to the refusal of the first instruction asked by the defend-ant.  This instruction is in the nature of a demurrer to the evidence, and was asked at the conclusion of plaintiff's case.

It should be remarked that the defendant in this case did not by his contract assume to become an insurer. He was only bound to observe reasonable care. The measure of his obligation in this behalf is so uniformly stated in all the authorities that it need not be supported by any reference to them. The plaintiff's cause of action was not so stated as to throw the burden upon the defendant of accounting for the loss of the cattle. He did not content himself with a simple averment of the defendant's refusal to redeliver on request, but proceeds to set out the loss and to charge the same as the result of defendant's negligence and improper conduct. The *onus* was upon the plaintiff to show the want of care and diligence which had occasioned the loss. Until that was shown, or at least until evidence had been introduced tending to show it, the defendant could not be called on for his defence. This is such a plain and well recognized principle of practice that it is unnecessary *that it* should be argued or supported by authority.

The testimony is in a small compass, only two witnesses having been examined, and both on the part of the plaintiff. The first witness was at the time of the loss in the plaintiff's employ, and, as he states, went daily to see how the cattle were fed and taken care of. In his examination in chief, he says: "I can't say whether the fence was good or not; some cattle it would turn, some it would not." But on cross-examination he says: "It was about four or five feet high; it was an open board fence; I considered it *a pretty good fence.*" The same witness was taken by the defendant to the yard in which the cattle were fed early on the morning when the loss was discovered. There was a large field adjoining this yard, and after inspecting the premises he makes this statement: "The rails and boards were broken as if cattle had jumped on it or broken it down, and it looked as if cattle had gone through that fence into the large field. The fence of the large field by the road was also broken; it also looked as if the cattle had broken the same down." The witness and the defendant spent several days

hunting them, but without success. This is all the testimony touching the character of the fence enclosing the premises where the cattle were kept; and except as to the fact of their being well cared for in the way of food, nothing whatever is said about the care and diligence exercised by the defendant.

The mere fact of the loss, without showing affirmatively that the same was the result of a failure on the part of the defendant to exercise the reasonable care and diligence imposed upon him by the nature of his undertaking, could not make him liable. The plaintiff's own testimony went very far indeed towards exculpating him from all blame in the premises, and we think the instruction was fully warranted by the state of the proof, and ought to have been given.

The other judges concurring, the judgment of the Circuit Court will be reversed and the cause remanded.