## BRIDGET WOOD *vs.* AUGUSTUS REMICK.

Middlesex.   January 20. — 25, 1887.   HOLMES & GARDNER, JJ., absent.

In an action for the value of a heifer, delivered to the defendant to be pastured, and afterwards found dead in his pasture, the burden of proof is upon the plaintiff to show that the heifer's death was caused by the negligence of the defendant.

CONTRACT, in two counts. The first count alleged that the defendant, for a valuable consideration, took the plaintiff's heifer, and promised carefully to pasture it upon the defendant's premises, and to return it to the plaintiff when requested to do so; and that the defendant neglected and refused to return the heifer to the plaintiff upon her request. The second count alleged that the defendant so negligently pastured the heifer that it was killed or died. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

It was admitted that the defendant received the heifer at Melrose, in this Commonwealth; and that he was to drive it to Groton, New Hampshire, pasture it there during the summer, and drive it back to the plaintiff in the fall, for an agreed price to be paid by the plaintiff.

The plaintiff sought to maintain the action on two grounds: first, that the defendant promised to return the heifer to the plaintiff in the fall, or to pay what it was worth if he did not return it; and secondly, that, in pasturing said heifer, the defendant was negligent, and that by reason of such negligence the heifer was killed.

No exception was taken to the instructions given to the jury as to the first ground on which the plaintiff sought to maintain the action.

The defendant received the heifer in the spring, drove it to Groton with other stock, and kept it in his pasture of about three hundred acres with about seventy-five other heifers and cows until some time in October, when it was found dead in the pasture.

The plaintiff offered evidence tending to show that the defendant said that the heifer was killed by wild steers or wild animals which got into the pasture. The defendant denied that he said this, and offered evidence tending to show that the death of the heifer was caused by her having been cast; and the defendant also offered evidence tending to show the character of the pasture, how it was fenced, how often he saw the heifer and the other stock in the pasture, and what care he took of them.

As applicable to the second ground on which the plaintiff relied in support of the action, the judge gave to the jury full instructions as to the degree of care the defendant was bound to use in pasturing said heifer, and to these instructions the plaintiff did not except; but the judge also instructed the jury that the burden was upon the plaintiff to prove that the death of the heifer was caused by the failure of the defendant to use proper care.

The plaintiff requested the judge to rule, " that, if the jury found that steers or wild animals got inside the pasture and killed the heifer, or if cows in said pasture did or caused injuries, the defendant would be liable." The judge declined so to rule.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. V. Lynde & W. P. Harding*, for the plaintiff.

*A. H. Briggs*, for the defendant.

BY THE COURT. A man who takes cattle to pasture is bound to use reasonable and ordinary care to protect them from injury. If a plaintiff contends that his cattle are injured by the negligence of the agistor, the burden of proof is upon him to show such negligence. In the case at bar, therefore, the court rightly ruled that, under the plaintiff's second count, this burden was upon her. The instructions requested by her are in contradiction of this rule, and were rightly refused.

*Exceptions overruled.*