## Kleckner, Appellant, *v.* Hotel Strand.

*Bailment—Innkeeper—Loss of baggage—Mutual benefit.*

Where a traveler goes to a hotel on a Saturday evening and is informed that he cannot be accommodated at the time, but may be later; and to his request that his traveling bag should be looked after by the hotel, the clerk says "we will check it," and the traveler not securing a room goes to another hotel, and his bag is lost while in the custody of the first hotel, he will be entitled to recover its value from such hotel, although he did not return for it until Monday morning.  In such a case there is a bailment for mutual benefit, the consideration to the hotel being the expected profit from the traveler who had offered himself as a guest.  The liability of the hotel, under the circumstances, is not that of an insurer, but it is liable for ordinary care, and the burden upon it is to show that it was not guilty of negligence.

In such a case the court could not, as a matter of law, declare that the plaintiff's delay in asking for his bag was unreasonable. What was a reasonable time was a question for the jury.

Argued Dec. 2, 1914.  Appeal, No. 99, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Philadelphia Co., March T., 1912, No. 314, refusing to take off nonsuit in case of Joseph Kleckner v. Hotel Strand.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Reversed.

Trespass to recover damages for the loss of a traveling bag.  Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

Assignment of Error—Arguments. [60 Pa. Superior Ct.

*Error assigned* was in refusing to take off nonsuit.

*Thomas James Meagher,* for appellant.—The relation of innkeeper and guest was not necessary to be shown to entitle the plaintiff to recovery: Hofford v. New York Cent., Etc., Co., 43 Pa. Superior Ct. 303.

Even if the hotel was not a bailee for hire but merely a gratuitous bailee, its unexplained alleged loss of the bag and its contents raised a question of gross negligence that could not be disposed of by the court as a matter of law but had to be submitted to the jury: Preston v. Prather, 137 U. S. 604; Baker v. Bailey, 145 Southwestern 532.

"In determining whether a bailment is gratuitous or lucrative the inquiry must not be directed to the character or certainty of a benefit or profit to either party; but to whether it was accepted for the purpose of deriving the one or the other. There is always a presumption that the bailment is one for mutual benefit, although the question is always one of fact": Woodruff v. Painter, 150 Pa. 91; Hunter v. Reed, 12 Pa. Superior Ct. 112; McCollin v. Reed, 16 W. N. C. 287.

Where property is received by the bailee in good, and returned in bad, condition, or not returned at all, the bailee is presumed to have acted negligently: Logan v. Mathews, 6 Pa. 417; Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Doyle v. Central, Etc., Co., 45 Pa. Superior Ct. 216; Mason v. Thompson, 9 Pick (Mass.) 280; McDaniels v. Robinson, 26 Vt. 316.

In Russell v. Fagan, 7 Houst. (Del.) 389 (1886), it was held that a traveler who seeks and obtains stable and provender for his horse for reward, although he himself lodges elsewhere, is a guest in the legal sense.

*Frederick C. Newbourg, Jr.,* for appellee.—The relationship of innkeeper and guest did not exist in this case; the appellee was simply the gratuitous bailee of the traveling bag for the accommodation or convenience

of the appellant himself: Strauss v. County Hotel & Wine Co., 12 Law Rep. Queen's Bench Division 27; Grinnell v. Cook, 3 Hill (N. Y.) 485.

The relationship being that of gratuitous bailee, it follows that there is no liability on the appellee unless gross negligence or fraud be shown: Hibernia Bldg. Assn. v. McGrath, 154 Pa. 296; Tompkins v. Saltmarsh, 14 S. & R. 275; Hofford v. New York Central, Etc., Ry. Co., 43 Pa. Superior Ct. 303.

There was no evidence here of gross negligence or fraud, and the nonsuit was properly entered: Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Hofford v. New York Cent. & Hudson River R. R., 43 Pa. Superior Ct. 303; Farnham v. Camden, Etc., R. R. Co., 55 Pa. 53.

OPINION BY KEPHART, J., October 11, 1915:

The defendant, a corporation, conducted a hotel at Atlantic City, and in the same building operated a garage. On a Saturday, the plaintiff, an intending guest of the hotel, drove into the garage. He was there met by a porter, who took his traveling bag into the hotel office. Upon inquiring for accommodations he was informed that there were none. The plaintiff then stated in substance that he would walk down to the Shelburne Hotel, and if the defendant could secure accommodations for him in its hotel the clerk should let him know, that he would be found at the Hotel Shelburne. Not wishing to carry his grip around with him, plaintiff said: "I will leave my bag here." The clerk said: "Very well, we will check it." Not hearing from the defendant at a late hour Saturday night, plaintiff registered at the Shelburne Hotel. On Monday morning he went to the defendant's office and after paying for the storage of his car, gasoline, etc., at the desk, he asked for his bag; it could not be found. After several unsuccessful efforts had been made to secure it, the plaintiff brought this suit for the value of the bag and its contents. A compulsory non-

suit was entered in the court below, which later the court in banc refused to take off, hence this appeal.

Appellant urges that the relation of innkeeper and guest was established through the connection between the garage and the hotel; that both being under the same ownership, management, and the same roof, the defendant was liable as an innkeeperr. As we view the facts in this case it is not necessary to go that far. We feel there was sufficient evidence before the court from which the jury under proper instructions might find that there was a bailment for the mutual benefit and advantage of both parties, as in the case of Woodruff v. Painter & Eldridge, 150 Pa. 91. The facts may not place it under one of the technical classes of bailments for mutual benefit, but it constitutes one of those exceptional cases which may properly be termed a bailment for mutual benefit. Such bailments arise where there exists a possibility or chance of expected profit to accrue from the patronage of the intending guest. As in the case just cited, where a person purchasing a suit of clothes, placed his watch in a drawer, and it was stolen therefrom, the expected profit was the consideration. Or, where a wrap is laid on a counter in a place where ready made cloaks are sold, and is lost, the expected profit or chances of future business was a sufficient consideration to support a bailment for mutual benefit: Bunnell v. Stern, 122 N. Y. 539. As stated by the Supreme Court, in Woodruff v. Painter & Eldridge, supra, a bailment of this kind arises "in such cases only as it is a necessary incident of a business in which the bailee makes profit." The defendant, in conducting a hotel, invited the public to become guests thereof. When this plaintiff applied for accommodations he placed himself in a position of becoming a guest. Had nothing beyond the refusal of accommodations taken place, no contractual relations could have arisen. When the plaintiff told the defendant that he would wait for word as to accommodations and the defendant accepted the plaintiff's proposition by saying: "Very well, we

will check it (the grip)," the defendant tacitly placed the plaintiff on the waiting list for accommodations. An implied contract arose, the consideration for which was the "chance of profit" from plaintiff's patronage. Under these circumstances we believe it was the duty of the defendant to exercise ordinary care over such luggage left in a proper place and under proper conditions. It would impose a hardship on the public to say that when a guest goes to a crowded hotel or one in which there are a large number of people seeking accommodations, and, after making application for accommodations, is requested to wait, that the safety of his luggage in the hands of the hotel representative is at the risk of the guest. Though the technical relation of innkeeper and guest might not have arisen by reason of the failure of the hotel authorities to accept the person as a guest, their conduct gives rise to a higher degree of care over property left with them than that exercised in the case of a gratuitous bailment, for which the appellee contends. This relationship would not exist for an unreasonable length of time. It must be determined within a reasonable time. The plaintiff waited until Saturday night and returned early Monday morning. The court could not, as a matter of law, declare this an unreasonable length of time. What was a reasonable time should, under the circumstances, be left with the jury. We feel that the court erred in not considering other degrees of care than that resultant from the relationship of innkeeper and guest, wherein the innkeeper is an insurer of the property of the guest and the loss of it admits of no explanation. We agree that the degree of care imposed by such relationship was too exacting, under the facts of this case, but this does not exclude consideration of a bailment wherein ordinary care is all that is necessary and under which the loss of property may be explained and the imputation of negligence overthrown. Such is the case before us. It is not necessary to further discuss the duties of the appellee in case of bailments for mutual advantage, where ordinary care

is all that is required: Woodruff v. Painter & Eldridge, supra; Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Doyle v. Central Railroad Co. of N. J., 45 Pa. Superior Ct. 216.

The assignment of error is sustained, the judgment is reversed, and a venire facias de novo is awarded.