# Benjamin, Appellant, *v.* Colonial Hotel Co.

*Innkeepers—Loss of money in hotel—Negligence—Bailment for hire—Ordinary care—Ordinary negligence—Carelessness of guest on another occasion—Evidence—Act of June 12, 1913, P. L. 481.*

1. In action by guest against hotel keeper for loss of money alleged to have been caused by defendant's negligence, evidence that plaintiff had been careless with other money of his own on another occasion, in the same hotel, is irrelevant and should be excluded.

2. Protecting the property of a guest is for the joint benefit of both host and guest, and stands on the basis of bailment for hire, where the bailee is required to use ordinary care and is liable for ordinary negligence.

3. Where a hotel instals a vault divided into boxes, each having a door with an individual lock and key, with a master key for all, and a guest places money in one of the boxes, receiving a key therefor, and the master key is retained at the office, evidence that the master key was delivered to any guest, known to the hotel clerks, who held a key to one of the boxes, is affirmative evidence of negligence on the part of the hotel, in a suit by the guest for the loss of his money.

4. In such case, where plaintiff founds his case entirely on an allegation of negligence, the Act of June 12, 1913, P. L. 481, does not apply, as the act does not attempt to relieve an innkeeper from liability from loss, as a result of his own negligence or that of his servants. If the court treats the act as a controlling factor, it is cardinal error.

5. A guest in availing himself of the facilities appointed by a hotel for the safe keeping of his valuables, is bound to use ordinary care, according to the circumstances.

*Practice, C. P.—Charge—Contradictory instructions—Appeal—Review.*

6. Where an answer to a point, not assigned as error, is contradictory to the charge, which is assigned as error, the appellate court will consider that the jury may have been misled by the contradictory instruction.

Argued October 21, 1920.   Appeal, No. 135, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 80, on verdict for defendant in case of David Benjamin v. Colonial Hotel Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Reversed.

Trespass for negligence in loss of plaintiff's money. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were various rulings, sufficiently appearing by the opinion of the Supreme Court.

*Louis Caplan,* of *Sachs & Caplan,* with him *Samuel J. Horvitz,* for appellant, cited: Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Woodruff v. Painter & Eldridge, 150 Pa. 91.

*C. B. Mehard,* of *Mehard, Scully & Mehard,* for appellee.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This action of trespass is to recover for loss of a guest's money through the alleged negligence of an innkeeper.   At the time in question, the Colonial Hotel Company was operating the General Forbes Hotel in Pittsburgh, of which the plaintiff, David Benjamin, was, and for some months theretofore had been, a guest.   For the care of valuables, three large metal boxes were built into the desk of the hotel office, and there was also a vault in the lobby (referred to by defendant as "a cabinet"), constructed of steel plate one-fourth inch in thickness.   This vault was divided into boxes of convenient size, each having a door, made of like steel plate, with an individual lock and key; and there was a master key

for all. The vault was so constructed that it required both keys to unlock each door. On request of a guest, he was assigned one of these boxes and handed the key thereto, while the master key was retained at the office. The evidence was conflicting as to whether it required the master key to assist in locking a box, but admittedly it did in opening one. Plaintiff kept a retail meat market and took in a large amount of money on Saturdays, after banking hours, which he had been accustomed to place with the clerk at the hotel desk for safe keeping over Sunday but for some weeks prior to the occasion in question he had placed such money for safe keeping in one of the boxes in the vault, the key to which had been given him for his use. According to the evidence for plaintiff, on Saturday evening, January 18, 1919, he again placed his money, amounting to $1,800, in the box, after which it was locked, and on Monday morning he found the box door open and his money gone, with the tin box that had contained it lying in a nearby wastebasket. He immediately made an outcry, but the money was never found. The bolt in the door stood out as when locked and there was nothing to indicate that the door had been forced. Plaintiff testified that he placed his money in the vault as directed by a clerk, who refused longer to take it at the desk; but that was denied. Defendant's evidence indicated a compliance upon its part with the Act of June 12, 1913, P. L. 481, relating to inns, hotels, etc. The trial judge submitted the case to the jury and this appeal by plaintiff is from judgment entered upon the verdict for defendant.

Defendant submitted evidence tending to show that on one occasion, some months before, plaintiff had kept a large sum of money over night on the table in his room with a door leading thereto unlocked. Referring to this, the trial judge told the jury, "the plaintiff denies that any such occurrence took place, and it was only offered as evidence by the defendant to show that the plaintiff himself was careless in guarding his valuables, money,

and so forth; and, therefore, that in all probability he might have been the cause of some loss here. All those things are to be considered by you in passing upon the question which we leave to your consideration, namely, whether this loss was caused by the negligence of the plaintiff himself." This forms the basis of the second assignment of error, which must be sustained. Testimony tending to show that on another occasion plaintiff had been careless with other money had no bearing on the case and should have been excluded or the jury instructed to disregard it. "Evidence of careless conduct on part of the guest either before or after the time of the loss will not be received": 22 Cyc. 1084.

The box in the vault being in view of the office and protected by a double lock, requiring two keys to open, was undoubtedly a proper place for the temporary deposit of money; hence, defendant was not culpable for offering it, nor plaintiff for accepting it, for that purpose. It was at least as suitable for the custody of valuables as the metal drawers in the desk, and so used by the defendant for its own money and that of its guests.

Protecting the property of a guest is for the joint benefit of both host and guest, and stands on the basis of a bailment for hire, where the bailee is required to use ordinary care and is liable for ordinary neglect: Cody v. Venzie, 263 Pa. 541, 546; Woodruff v. Painter & Eldridge, 150 Pa. 91; First National Bank of Carlisle v. Graham, 79 Pa. 106; Kleckner v. Hotel Strand, 60 Pa. Superior Ct. 617. In other words, it was defendant's duty to use such care as an ordinarily prudent person would use under like circumstances. Should the jury find that plaintiff put his money in the vault on Saturday evening and locked the box, and that it could not be unlocked except by the help of the master key, which was in defendant's possession, and also that it was found unlocked on Monday morning, that would make out such

a prima facie case as to call for an explanation from defendant: Lyttle v. Denny, 222 Pa. 395; Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297. The evidence also shows that the master key was delivered to any guest, known to the clerks, who held a key to one of the boxes. That was affirmative evidence of negligence, as it would afford a designing guest, who might have or secure duplicate keys, an opportunity to rifle the vault.

Plaintiff founded his case entirely upon an allegation of negligence and made no claim against defendant on its common law liability as an insurer, hence, the said Act of 1913 is not here important, as it does not attempt to relieve an innkeeper from liability, for loss of property on deposit, as a result of his own negligence or that of his servants. See section 2 of the act.

The trial judge in the charge correctly stated the rule as to defendant's liability for negligence, but fell into error in affirming its first point, viz: "If the defendant company complied with the Act of Assembly of June 12, 1913, P. L. 481, and if plaintiff failed to offer his money for safekeeping to defendant's employees and demand a receipt therefor, in accordance with the provisions of said act, your verdict must be for the defendant." As plaintiff had a box in the vault, his failure to tender the money at the desk would not relieve defendant from the duty of using due care to protect it while in the vault. The answer to this point is not separately assigned as error, but, in connection with the charge as a whole, which is so assigned (3d assignment), gave the jury contradictory instructions, by which they may have been misled. See Baker v. Hagey, 177 Pa. 128; Selin v. Snyder, 11 S. & R. 319; Pister v. Benefit Association, 3 Pa. Superior Ct. 50. A cardinal error in the charge was in treating the Act of 1913 as a controlling factor, which it was not, under the pleadings or evidence.

From the evidence tending to show that the box could be locked by the one individual key, and from the bolt in

the lock being out and no indication of a violent opening, a possible inference might be drawn that plaintiff had turned the key before the door was fully closed, thus failing to secure the lock, and if so, the resulting loss would fall upon him (Elcox v. Hill, 98 U. S. 103), as a guest is bound to use ordinary care according to the circumstances. We see nothing else tending to show contributory negligence.

The second and third assignments of error are sustained and thereupon the judgment is reversed and a venire facias de novo awarded.