# Carmont *v.* Erie Railroad Co., Appellant.

*Negligence—Railroads—Master and servant—Defective appliance—Gasoline motor—Proximate cause.*

1. In an action by an employee against a railroad company for personal injuries sustained by a gasoline motor leaving the tracks, a judgment on a verdict for plaintiff will be sustained, where it appears that the motor was in sole charge of an employee, to whom plaintiff was assistant, and that the testimony, if believed, was sufficient to justify a finding that the accident resulted from the combined effect of a defectively constructed motor, of which defendant's foreman had notice, and its operation at an excessive speed, both of which causes were in control of defendant.

2. In such case, while the burden was on plaintiff to prove negligence on part of defendant or its employees, it was not necessary to definitely fix the cause beyond possibility of doubt.

Argued April 25, 1921. Appeal, No. 47, Jan. T., 1921, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1918, No. 37, on verdict for plaintiff, in case of Alfred J. Carmont v. Erie Railroad Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before PRATHER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,500. Defendant appealed.

*Error assigned,* among others, was refusal of judgment n. o. v. for defendant, quoting record.

*Albert L. Thomas,* with him *Geo. F. Davenport,* for appellant, cited: Janock v. R. R., 252 Pa. 199; Caffrey v. Transit Co., 249 Pa. 364.

*Arthur L. Bates,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:

Plaintiff was employed by defendant, in interstate commerce, as an assistant to A. D. Morales in the Automatic Signal Maintenance Department of defendant company and as such his duties covered that part of defendant's road extending between Salamanca, New York, and Ravenna, Ohio. Defendant furnished Morales with a small four-wheel gasoline motor designed to be operated on railroad tracks and to carry employees from place to place in the discharge of their duties. Morales was in sole charge of the motor, plaintiff having no control whatever over its operation. On July 5, 1917, as the motor was being operated down a grade, at a speed estimated at from twenty to thirty miles an hour, it left the track, with the result that plaintiff received injuries for which he seeks to recover compensation in this action. The court below submitted the case to the jury who returned a verdict for plaintiff and from judgment entered thereon defendant has appealed.

The negligence charged was a defective condition and alignment of the motor, operation at excessive speed, absence of a speed regulator on the motor and also absence of grabirons or handholds as required by the Federal Safety Appliance Act. We find no evidence tending to show the accident was in any way caused by the absence of either a speed regulator or grabirons; accordingly, the only question for determination is whether there was sufficient evidence of a defective motor or of excessive speed in its operation to warrant the conclusion that these elements, or either of them, caused the car to leave the track and, consequently, was the proximate cause of the accident.

The car in question had been in use but three or four days before the accident. Morales testified that, on the morning of the accident, Nelson, foreman of the maintenance department, in turning the car over to him, stated, "It had a tendency to leave the track—not to run too fast," and Nelson testified that, on the morning the car was given to Morales, the latter complained of its action, saying, "He didn't feel right about taking the car out as it left the track the last day he had it out." Immediately before the accident the car with Morales and plaintiff aboard was proceeding down grade, at the foot of which was a curve. Morales testified he was running about twenty miles an hour and just before reaching the curve, upon turning off the power, the car gave a jerk, swung to one side and jumped the track. The car weighed from 350 to 400 pounds and was constructed with two small wheels on the left and two large wheels, apparently the driving wheels, on the right side where the engine was located. This form of construction would naturally give more of a tendency to leave the track than if the weight had been less unevenly distributed. The reason for the statement of the foreman that the car had a tendency to leave the track does not appear from the evidence. We only know it was being operated at from twenty to thirty miles an hour, that the power was shut off suddenly and that immediately thereafter it gave a jerk and left the track. There was a rule of the company prohibiting the operation of such cars at a speed greater than twenty-five miles an hour and the caution given by the foreman would indicate that, in his opinion, even that speed was somewhat high for a car of this particular type. Notwithstanding the warning and the evidence that the car had left the track on a previous occasion, Morales ran it at what plaintiff estimated to be at least thirty miles an hour. Under all the circumstances, while the burden was on plaintiff to prove that the accident was due to negligence on the part of defendant or its employees, it was not necessary to definitely fix the cause

beyond possibility of a doubt. The testimony, if believed, is sufficient to justify a finding that the accident resulted from the combined effect of a defectively constructed motor and its operation at an excessive speed, both of which causes were within control of the defendant. As was said in Janock v. B. & O. R. R., 252 Pa. 199, "To require plaintiff to prove affirmatively the exact source of the accident would usually, in cases of this kind, defeat recovery, however gross the negligence, as the person injured seldom has means of either knowing or discovering absolutely the defect in equipment or delinquency on the part of employee, both of which are entirely within the control of defendant."

The judgment is affirmed.