# McKnight *v.* Snellenburg and Company.

*Bailments—Shopkeepers—Bailor and bailee — Article found in store—Duty of storekeeper to exercise reasonable care in return.*

A shopkeeper engaged in the sale of merchandise invites the public to come to his place of business to make purchases, and there is implied in this promise a contract that no harm or damage that could possibly be averted should happen to the persons of those so coming, or to such property as they necessarily or habitually carry with them. The consideration for this promise is the chance of profit from their patronage.

In an action of trespass to recover damages for loss sustained through the defendant's negligence in delivering her property to the wrong person, it appeared that the plaintiff left her purse on the counter of the department store of the defendant, and that it subsequently came into the possession of the defendant's employees, and was then delivered to the wrong person, without proper investigation or inquiry.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 4, 1922.     Appeal, No. 53, Oct. T., 1922, by defendants, from judgment of Municipal Court of Philadelphia, July T., 1921, No. 531, on verdict for plaintiff in the case of Eleanor R. McKnight v. Nathan Snellenburg, Samuel Snellenburg, Joseph N. Snellenburg, Henry Snellenburg, Morton F. Snellenburg, Arthur Block, Bernard Block, Stanley S. Snellenburg, trading as N. Snellenburg & Company.   Before PORTER,

HENDERSON, TREXLER, KELLER and GAWTHROP, JJ.  Affirmed.

Trespass to recover the value of personal property lost through the alleged negligence of the defendants. Before CRANE, J.

The facts are submitted in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $469.56, and judgment thereon.  Defendants appealed.

*Errors assigned* were in permitting plaintiff's counsel to send out memorandum as to the value of the articles lost, and in refusing defendant's motion for judgment non obstante veredicto.

*Arthur S. Minster,* and with him *Brown & Williams,* for appellant.

*Robert P. Shick,* for appellee.

OPINION BY HENDERSON, J., December 14, 1922:

The testimony in this case discloses a question of fact for the jury. The evidence, that the plaintiff left her purse on the counter where she was making a purchase at the defendants' store, is not only not contradicted but is in a degree corroborated by the defendants' witness, Mr. Weinstein. When the plaintiff returned to the store and informed Mr. Weinstein of the loss of her purse he said as alleged, "Yes I remember you; I found it right after you left." When she described its contents he said, "yes, the ring was wrapped in tissue paper." There was therefore evidence of identification of the purse and property of the plaintiff. As the purse contained "charge coins" and the "ring wrapped in tissue paper"; as it was found by the clerk soon after the plaintiff left the store, the evidence of identification was sufficient to warrant the submission of the case to the jury.

The purse was turned over to Mr. Alexander [an aisle man], in accordance with the rule of the store relating to mislaid property. The latter, in the hurry of business, inconsiderately delivered it to a colored woman who said it was her property. No inquiry was made of the claimant as to name or residence, or as to her knowledge of the contents of the purse. That the property was negligently disposed of we think might be fairly found by the jury on the testimony. The law with reference to the relation of the defendants to the plaintiff in such circumstances is well stated in Woodruff v. Painter & Eldridge, 150 Pa. 91. This relation was that of bailor and bailee. The bailment was reciprocally beneficial, and in such cases the bailee is required to exercise ordinary diligence. The defendants being engaged in the sale of merchandise invite the public to come to their place of business to make purchases, and there is implied in this invitation the contract that no harm or damage that could reasonably be averted should happen to the persons of those so coming or to such property as they necessarily or habitually carry with them. The consideration for this promise is the chance of profit from their patronage. "The duty of reasonable care rests upon the owner of premises to persons who come upon the same by invitation": Hotchkin v. Erdich, 214 Pa. 466; Kleckner v. Hotel Strand, 60 Pa. Superior Ct. 617. The plaintiff's property was placed on the counter and forgotten. It came into possession of an employee of the defendants. The latter were, therefore, the custodians of it and chargeable with the duty of care with respect to its custody and return to the owner: Lawrence v. State, 1 Hump. [Tenn.] 228; McAvoy v. Medina, 11 Allen 548; 19 Cyc. 539.

On the facts as stated, it was not reversible error to send out the statement referred to in the first assignment. There were only two items in the plaintiff's claim, —the value of the ring and purse. This was shown by the evidence. The item of interest was not controverted,

Opinion of the Court.   [80 Pa. Superior Ct.

if the claim were otherwise valid. As there was no contradiction on this subject and no confusion in the testimony the statement could not in anywise mislead the jury.

The evidence of the plaintiff and the defendants was contradictory to some extent, but the case was submitted to the jury in a charge, with respect to which there was no complaint, and the plaintiff's right to recover was a question of fact under all the evidence.

The judgment is affirmed.