# Teller, et ux., Appellants, *v.* Hood.

*Trespass—Impounding cattle—Damages.*

In an action of trespass to recover damages, sustained by the negligent care and feeding of a herd of cattle which had been impounded by the defendant, judgment non obstante veredicto in favor of the defendant will be affirmed, where there is not sufficient evidence of any negligence on the part of the defendant.

It is the duty of one who impounds cattle to feed and water them according to the usage of the country and of good husbandry, and to use such care as an ordinarily prudent man would exercise in the keeping of his own cattle; but the burden of proving neglect or want of such care on the part of the defendant rests upon the plaintiff, and such burden will not be discharged by proof merely of the condition of the cattle on their return home, without some evidence that the defendant had done the negligent acts declared upon, or which excluded any other cause for their condition but his negligent care of them. In the absence of any proof as to how the defendant cared for the cattle, it will not do to infer from their condition alone that the defendant must have looked after them improperly, when such condition might have been the result of causes over which the defendant had no control.

Argued April 20, 1923. Appeal, No. 87, April T., 1923, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 1922, in favor of defendant non obstante veredicto in the case of William Teller and Tillie E. Teller, his wife, v. Louis Hood. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages sustained by the negligent care of impounded cattle. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of plaintiffs in its sum of $919. Subsequently, on motion, the court entered judgment in favor of the defendant non obstante veredicto. Plaintiffs appealed.

Error assigned was the decree of the court.

W. Clyde Grubbs, and with him G. W. Brawner and C. W. Sypniewski, for appellants.—It was the duty of the defendants to use reasonable care: Vasper v. Edward, 3 Corpus Juris 152; Mattice v. Mattice, 143 N. Y. S. 487; Richardson v. Halstead, 44 Neb. 609; Portland Ice Company v. Conner, 32 Pa. Superior Ct. 433; Cohen v. The Philadelphia & Reading, 211 Pa. 227.

Edward Schreiner, of Schreiner & Leoffler, for appellee.—There was no evidence to establish negligence on the part of the defendant: Eshelman v. Union Stock Yards Co., 222 Pa. 28; Light v. Miller, 38 Pa. Superior Ct. 408; Kunz v. Balzereit, 18 Dist. Rep. 419; Zell v. Dunkle, et al, 156 Pa. 353; Parrott v. Wells, 82 U. S. 524 (21 L. E. 206).

OPINION BY KELLER, J., July 12, 1923:

Appellants, (Mr. and Mrs. Teller), sued appellee, (Hood), in trespass for damages sustained by reason of the negligent care and feeding of a herd of cattle which

had been impounded by appellee while doing damage to his fields and crops.

A verdict was rendered for the plaintiffs, but the court subsequently entered judgment n. o. v. for the defendant on the ground that the plaintiffs had not proved negligence on the part of the defendant, as charged.

Plaintiffs appeal and assign this action of the court as error.

The plaintiffs alleged in their statement: (1) That the seizure and impounding of the cattle were unlawful; (2) that defendant was negligent in confining the cattle in a field through which flowed a creek containing sulphur water and salt water, and permitting and compelling them to drink such waters; and (3) that defendant neglected to feed and milk said cattle properly; and that such unlawful and negligent acts on the part of the defendant resulted in: (a) Loss of milk; (b) deterioration of the cattle; (c) loss of the calves which five of the cows were carrying.

(1) The evidence failed to support an unlawful seizure and impounding of the cattle and that feature of the case was not strongly pressed. The cattle broke into defendant's field on September 8th, and twice on September 9th, and were seized only when patience had ceased to be a virtue. Teller admitted that the fence was "rotten" and that defendant had called upon them to do their share of repairing or rebuilding it, but that they had done nothing. The plaintiffs had notice of the impounding the same day, and the cattle were delivered to them the evening of the 11th, as soon as they tendered payment of the damage done. The Act of April 4, 1889, P. L. 27, revived the common law rule in Pennsylvania, and owners of cattle are required to fence them in or keep them from trespassing: Barber v. Mensch, 157 Pa. 390; Erdman v. Gottshall, 9 Pa. Superior Ct. 295.

(2) There was no evidence that defendant had compelled the cattle to drink out of the creek containing sulphur water and salt water; and none of the plaintiffs'

witnesses testified that they saw the cattle drink out of it. The evidence was that there was a spring of fresh water handy and accessible to the field where the cattle were kept, and that if fresh water was at hand the cattle would not drink the sulphur water. The same creek ran through plaintiffs' field where the cattle were usually pastured. The plaintiffs produced no evidence as to the amount of sulphur in the water or what quantity of it in water would prove injurious to cattle. Their evidence as to the salt water was almost negligible—a half a barrel a day was pumped from an oil well located about five hundred feet away from the creek; with no certainty that in the hot season, as this was, any appreciable quantity reached the creek.

(3) There was no testimony offered by plaintiffs as to how or when defendant fed and milked the cattle. Their evidence, in this respect, was confined to proving that the cattle were not in good condition when they arrived home; that most of them gave much less milk. ("some of them were pretty near normal"), and the milk was stringy, thick and unfit for use; and that, later on, the five cows with calf dropped their calves. There was some testimony that drinking sulphur water and salt water was injurious to cows not accustomed to it and that improper milking might result in cheesy or stringy milk and in drying up the milk; but no witness testified that they would cause a cow to abort. There was no evidence tending to exclude any other cause for the results complained of, and there was testimony that all of them, including the aborting, might be due to injury or infection, and if the latter, that it was contagious.

It was the duty of the defendant, upon impounding plaintiffs' cattle, to feed and water them as often as was required according to the usage of the country and of good husbandry, and to use such care as an ordinarily prudent man would exercise in the keeping of his own cattle: Adams v. Adams, 13 Pick. (Mass.) 384; but the burden of proving neglect or want of such care on the

part of the defendant rested on the plaintiffs: Claflin v. Meyer, 75 N. Y. 260; Wood v. Remick, 143 Mass. 453, 9 N. E. 831; McCarthy v. Wolfe, 40 Mo. 520; and such burden was not discharged by proof merely of the condition of the cattle on their return home, without some evidence that defendant had done the negligent acts declared upon, or which excluded any other cause for their condition but his negligent care of them. In the absence of any proof as to how the defendant fed, watered and milked the cows, it will not do to infer from their condition alone, that the defendant must have cared for them negligently and improperly, when such condition might have been the result of causes which defendant had no part in or control over: Kunz v. Balzereit, 18 Dist. 419 (Moschzisker, J.); Zell v. Dunkle, 156 Pa. 353, 358. The rule was well stated by Mr. Justice Mitchell in Zahniser v. Penna. Torpedo Co., 190 Pa. 350, as follows: "Appellant claims that under the circumstances it was entitled to have the jury draw the inference of negligence from the happening of the injury alone. That such inference may sometimes be drawn is true, but the cases are exceptional. The maxim res ipsa loquitur is itself the expression of an exception to the general rule that negligence is not to be inferred but to be affirmatively proved. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer. Cases not coming under one or both of these heads must be those in which the circumstances are free from dispute and show, not only that they were under the exclusive control of the defendant, but that in the ordinary course of experience no such result follows as that complained of......In cases where the duty is not absolute,...... but arises in the ordinary course of business, it is essential that it shall appear that the transaction......was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and that the result was so far out of the usual course that

there is no fair inference that it could have been produced by any other cause than negligence. If there is any other cause apparent to which the injury may with equal fairness be attributed, the inference of negligence cannot be drawn."

Thus in Eshleman v. Union Stock Yards Co., 222 Pa. 20, the jury was not allowed to infer that the defendant company was negligent merely from the fact that plaintiff's cattle became infected with Texas fever and died. "It, therefore, seems to us that the plaintiff was bound to show, not only that the cattle were placed in the rear end of Flickinger's pens over night on June 21st, 22d, but that they contaminated the pens, and the defendant company did not, as set forth in the plaintiff's statement, disinfect and put them in proper condition again...... In addition, it was not shown that the cattle which Flickinger sold to Eshleman on August 3d, 10th and 17th, received their infection from these pens; non constat that they might not have derived the ticks from some other cause" (pp. 28, 29).

The defendant was not an insurer of the cattle while in his possession, and they were not in his control or custody during the morning of the day they were impounded. Opportunity existed for the cattle to hurt themselves, as to their udders or calves, in twice breaking through the fence, (composed of boards and wire); or to eat something injurious in the defendant's meadow and corn field before they were impounded; or to suffer harm while being driven home (a mile), by plaintiffs' son. But defendant could not be held responsible for any of these things: Knight v. Abert, 6 Pa. 472; Palmer v. Silverthorn, 32 Pa. 65. Or it is just as reasonable to infer, (especially in view of the five cows which dropped their calves, and with which plaintiffs totally failed to connect the defendant), that one or more of the cows was suffering from an infection which spread to the others, and caused the results complained of, but for which defendant was not chargeable. In the absence of testimony

that the cows were improperly or negligently fed, watered and milked by defendant, a jury cannot be permitted to infer negligence and dereliction merely because of conditions which might be attributable to other causes not within defendant's control. In all of the cases relied upon by appellant, such as Biesecker v. Pa. R. R. Co., 276 Pa. 87; McKnight v. Snellenburg, 80 Pa. Superior Ct. 147; Carmont v. Erie R. R. Co., 271 Pa. 122; Cohen v. P. & R. Ry. Co., 211 Pa. 227; Van v. Richmond, 259 Pa. 300, etc., there was evidence of acts of commission or omission by the defendant from which the jury could infer negligence; not, as here, merely results which might or might not be attributable to something done or not done by defendant.

We have not overlooked the rule that in entering judgment n. o. v. for the defendant, all the evidence and inferences therefrom favorable to the plaintiffs must be taken as true and all unfavorable to them, if depending solely upon testimony, must be rejected (Mitchell v. City of New Castle, 275 Pa. 427), and, therefore, have given no consideration to defendant's evidence that due care was used in the feeding and milking of the cows; but, nevertheless, the plaintiffs' case must be supported by evidence, and must bring home to the defendant the actual doing of the negligent acts alleged or be such as fairly to exclude any other cause for the injury suffered except those attributable to the defendant.

On the whole case, we agree with the learned judge of the court below, "that the evidence given by the plaintiffs was not sufficient to go to the jury, to charge the defendant with negligence, either in putting the cattle in the field in which he put them, or in failing to milk them."

The assignment of error is overruled and the judgment affirmed.