Tomasak *v.* Boro. of Courtdale, Appellant.

Argued March 4, 1930.

474

Before Trexler, P. J., Keller, Linn, Gawthrop, Baldrige and Graff, JJ.

*Edwin Shortz, Jr.,* and with him *Leonard D. Morgan* and *Lewis R. Crisman,* for appellant.—The court will not allow a statement of claim to be amended at the trial if the proposed amendment sets up a new and distinct allegation of negligence: Mahoney v. Park Steel Co., 217 Pa. 20; Mays v. United Natural Gas Co., 268 Pa. 325.

*G. W. Morgan,* for appellee.—The amendment of a statement of claim at the trial to make the date conform to the evidence, does not amount to a change in the cause of action: Hutchinson v. Zeiger, 89 Pa. Superior Ct. 261; Weimer & Kurtzberg v. Osnofsky, 92 Pa. Superior Ct. 143.

Opinion by Trexler, P. J., April 18, 1930:

The defendant, the Borough of Courtdale, made some improvements in the highway. Mike Tomasak, aged thirteen years and nine months, picked up a

dynamite cap in the immediate vicinity and proceeded to pound it with a stone; the cap exploded and inflicted upon him injuries which resulted in the serious impairment of the sight of one eye. The suit is brought by his parents on his behalf and in their own right.

At the trial, after the plaintiffs had presented their case, the defendant moved for a non suit, alleging that the proofs did not agree with the pleadings. Thereupon the plaintiffs were allowed to amend their statement so as to conform to the testimony by changing the date of the accident from June 16th to June 27th, and naming the article which caused the damage as a dynamite cap instead of a stick of dynamite. The defendant argues that the action of the court in allowing this was error. It is familiar law that no new cause of action may be introduced by amendment. As to the change of date, Levin v. Clad & Sons, 244 Pa. 194, rules the question. A change of date is not setting up a new cause of action; nor does the change from "dynamite stick" to "dynamite cap." The gist of the action is the negligence of the Borough. Substituting a particular form of explosive for another did not change plaintiff's claim. It did not affect the character or place of the negligent act. See McKane v. Philadelphia, 78 Pa. Superior Ct. 168; Gail v. Philadelphia, 273 Pa. 275.

The next matter to be considered is whether the evidence adduced at the trial was sufficient to establish negligence on the part of the defendant. The question hinges upon the fact whether there was proof that the minor plaintiff was injured by a dynamite cap which had been part of the explosives used by the borough in making the improvement. We think there was evidence enough to connect the borough with the accident and the matter was for the jury.

Recurring to the facts, we find that in June, 1926, employees of the defendant were engaged in making the improvements and used dynamite caps and dyna-

mite and these high explosives were delivered to the place where the improvements were made and soon thereafter, while work was still uncompleted, the plaintiff, a minor, picked up on the street in the immediate locality a dynamite cap. According to plaintiff's testimony, Dan Morris, defendant's employee, informed him the cap was "no good." Tomasak proceeded to strike the cap with a stone six or seven times, causing an explosion inflicting the injuries complained of. Nowhere in the testimony does it appear that dynamite caps were used in that locality, except by the defendant. This we think was sufficient. The presumption of negligence can be drawn from the above circumstances.

Negligence need not be established by direct proof, but may be shown by circumstantial evidence: Zehr v. Pittsburgh, 279 Pa. 168, 170; Campbell v. Consolidated Traction Company, 201 Pa. 167; Helfrich v. Gunnari, 78 Superior Ct. 449; Carmont v. Railroad, 271 Pa. 122. The case of Cain v. Booth & Flinn, Ltd., 294 Pa. 334, cited by the defendant does not rule the present case. There was nothing in the evidence in that case to indicate that the caps which caused the damage were the property of the defendants. The court stated in that case, "Whoever left these dangerous explosives where they could fall into the hands of children, was negligent, but our question is as to the culpable party."

We repeat, taking all the circumstances of the case, there was sufficient to allow the conclusion that the dynamite cap which caused the injury to the boy came into his possession through the negligence of the defendant or its employees.

The question of contributory negligence of the plaintiff was also for the jury. The measure of his responsibility was his capacity to understand and avoid danger. The presumption of the boy being too young to understand his act is very feeble, he being

only a few months less than fourteen years of age, but nevertheless we do not think the judge could in this case decide this as a matter of law. The boy stated he thought the cap was a "Fourth of July" cap and of course, with that thought in mind, his act was not necessarily calculated to put the responsibility on him of knowing that it would explode so violently and with such consequences.

All the assignments of error are overruled and the judgment is affirmed.