Jones, P. J.
This is an action of tort in which the plaintiff seeks to recover damages for the theft of her coat by reason of the negligence of the defendant, her agents and servants. Defendant’s answer is a general denial and further that the defendant is not responsible by reason of signs and that the plaintiff did not choose to use a locker. All the evidence is reported.
At the close of the evidence and before argument the plaintiff filed the following requests for rulings of law:
1. There is evidence to warrant the Court to find foi the plaintiff.
2. There is evidence to warrant a finding that the plaintiff’s coat was left in the dressing room furnished by the defendant and in the custody of the defendant and that the defendant is in the position of bailee for hire and is liable as such in failing to exercise due care to protect said coat from being stolen.
3. There is evidence to warrant a finding that the theft of the plaintiff’s coat was a natural and probable result of the negligence of the defendant.
*280 4. The consideration, for the bailment of the plaintiff’s coat to the defendant may be found to be included in the tuition fee.
5. Where the plaintiff’s coat was in the defendant’s custody for a consideration, the defendant was required to use reasonable care to prevent said coat from being stolen.
6. The mere fact that the defendant placed notices in the school stating that the school would not be responsible for lost or exchanged articles, does not, as a matter of fact, bar recovery in this action.
7. Where the defendant had notice that thefts of various articles had taken place in her school, she could be found negligent for failing to take steps to guard against such thefts.
The trial court denied 1, 2 and 3, and gave 4, 5 and 6, and denied the 7th for the reason that he did not find that such a theft, if there was a theft, had taken place before.
There is no reason for reciting the evidence as the trial court made the following finding of facts, which is sufficient for all the purposes of the case, as follows:
“The defendant conducts a private school for girls. The plaintiff was a pupil in the school having paid the required tuition. She had been a pupil during the two years preceding the events set forth in the declaration. The pupils were required to leave their outside garments and other belongings in dressing rooms maintained by the defendant. In these dressing rooms were lockers and also poles with hangers upon which the pupils might place their garments.
The plaintiff went to school at 9:00 A. M. on February 4, 1935 and hung her fur coat upon one of the hangers in this dressing room. When she came to get it at 2:00 P. M. on the same day, it was no longer there. There was no other evidence before me as to what became of it. The dressing room in which it was hung is reached by a back door of the building by going up a flight of steps. This door has a spring lock but by regulations of the fire department must be left unlocked while the school is in session.
*281 There are one hundred and forty pupils in the school, a corps of teachers, besides the defendant, and two janitors. All of these persons were around the building, although no one of them had the duty to watch this dressing room particularly. The defendant had known of the theft of sums of money from the clothes in this dressing room and elsewhere in the school previous to this happening but there was no evidence that any garment had been taken. In places in the building where they could be seen were posted the following notices: ‘ The Lesley School is not responsible for lost or exchanged articles.’ One of these notices was near the dressing room in question. I am unable to find, in what manner the coat was stolen, if it was stolen, and find that the defendant exercised the care of a reasonable person under the circumstances disclosed. . . .
I deny the rulings requested by the plaintiff numbered 1, 2, and 3 because I have made the above findings of fact upon all the evidence and refuse to rule upon the effect of particular testimony. I give rulings numbered 4, 5 and 6. I deny the 7th ruling requested because I do not find that such a theft, if there was a theft, had taken place before.”
The court denied the requests for rulings 1, 2 and 3 because having made the above finding of fact upon the evidence, it refused to rule upon particular testimony. We cannot say this was wrong. Hicks v. New York, New Haven Railroad, 164 Mass. 424, 428. Barnes v. Berkshire Street Railway, 281 Mass. 47, 50. The vital part of the finding is that in places in the building, where the pupils could see, the following notices were placed in full view of the pupils: “The Lesley School is not responsible for lost or exchanged articles.” One of these notices was near the dressing room in question. There was no evidence in what manner the coat was stolen, if it was stolen, and there is a finding that the defendant exercised the care of a responsible person under the circumstances disclosed. This finding effectually takes care of the argu *282 ment made by the plaintiff that the defendant as bailee was required to exercise due care to prevent the theft of the plaintiff’s coat. In the first place there is no evidence as to how or in what manner the coat was taken. If it was stolen by somebody who came in through the back door it might be that the defendant could have been found a bailee for hire and she violated the rule requiring her to use reasonable care to prevent the plaintiff’s coat from being stolen. Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44, but it devolved upon the plaintiff to show that the loss was occasioned by the negligence of the defendant in not taking steps to prevent the plaintiff’s coat from being stolen. The notice itself was notice to the plaintiff that the responsibility for lost or exchanged articles was not upon the defendant. If the defendant failed to exercise the care of a reasonable person under the circumstances disclosed, the finding of the court would be wrong, but when we consider that there is an absolute failure on the part of the plaintiff to show how and in what manner the coat, if taken at all, was taken, and in face of the sign that the school would not be responsible for lost or exchanged articles, we cannot see how the trial court could come to any conclusion other than it did. The trial court rightly found that the consideration for the bailment of the plaintiff’s coat was included in the tuition fee. Rubin v. Huhn, 229 Mass. 126, 129, but the burden of proof was upon the plaintiff to show such negligence on the part of the defendant as to cause the loss of the coat. Willett v. Rich, 142 Mass. 356, Wood v. Renich, 143 Mass. 453. And the defendant would be liable only for negligence, unless by express agreement her liability was enlarged. Amerio v. Crowley, 256 Mass. 53. By negligence is meant the lack of care which a person of ordinary prudence would bestow. In other words it devolved *283 upon the plaintiff to show that the defendant had failed to exercise ordinary care and diligence as to the custody of the goods, and then a finding might have been made against her. Lichtenhein v. Boston & Providence R. R., 11 Cush. 70. And, in an early case, Poster, et al. executors v. Essex Bank, 17 Tyng 479, which was a case of goods deposited in a warehouse, Parker, C. J. said at page 502,
“The principle applicable to this species of bailment goes no further than to make the bailee liable in case of ordinary neglect, so that if he shows that he used due care, and nevertheless the goods were stolen, he would be excused . . . this is reasonable, for one who takes goods into his warehouse, to keep for a stipulated price, does not intend to insure them against fire or thieves. His compensation is only in the nature of rent; or if anything beyond that, only for the vigilance of a man of common prudence. If he locks and fastens the warehouse, as° other prudent people do, and thieves break through and steal, he ought not to be accountable; if he leaves the door or windows open, he ought to be. The common sense of mankind must acquiesce in these reasonable provisions of law; and without doubt the common dealings of men are governed by them, as principles of natural justice, without knowledge of the positive law.”
In accordance with this latter opinion there is no evidence that the door was left unlocked only during school sessions, and ordinary common sense and prudence would seem to indicate that there was no negligence on the part of the defendant in reference to the door. Further, it was for the plaintiff to prove that the coat was in fact stolen so that, in the absence of the proof of any negligence on the part of the defendant, the finding of the court was justifiable. Brown v. Waterman, 10 Cush. 117, 118, 119.
We fail to see any error on the part of the trial court in the failure to give requests 1, 2 and 3 and there was *284 also no error in the denial of request 7, because there was no evidence of a theft similar to the theft a year ago which had taken place.
Report dismissed.