## Leach v. Bilcovitch, etc.

*Welles, Mumford, Stark & McGrath*, for plaintiff.
*George Miller*, for defendant.

LEACH, P. J., April 26, 1937.—Plaintiff sued before the alderman on an implied contract. It appears that he sent a suit to defendant company to be cleaned. Concealed therein was a pocketbook which plaintiff alleges contained $30. The contract given by defendant was to clean clothes and not to receive pocketbooks, and there was no implied authority in the driver of the company to take possession of pocketbooks and money. The duties and responsibilities of a bailee cannot be thrust upon a person without his knowledge or against his consent: Lloyd v. The West Branch Bank, 15 Pa. 172, 175.

McKnight v. Snellenburg & Co., 80 Pa. Superior Ct. 147, cited by plaintiff, is a case where defendant received possession of a diamond ring and gave it out to another person without any proof that she was the owner.

If plaintiff has a remedy at all it is trespass for negligence and not assumpsit, as set forth in this case.

The Act of July 7, 1879, P. L. 194, 42 PS §241, gives aldermen, magistrates, and justices of the peace jurisdiction in actions arising from contract, expressed or implied, and of all actions of trespass, and of trover and conversion. It does not give them jurisdiction in negligence cases. As the alderman had no jurisdiction the common pleas can acquire none on appeal: Birkhead v.

476

Ward, 35 Pa. Superior Ct. 235; Seitzinger v. Steinberger, 12 Pa. 379.

Now, April 26, 1937, judgment is entered in favor of defendant and against plaintiff.