### JOHN N. ROBERTS *vs.* J. T. GURNEY.

Suffolk. Nov. 9, 1875. — March 2, 1876. ENDICOTT & LORD, JJ., absent.

In an action against a warehouseman for the loss of goods stored with him, it is not enough for the plaintiff to show that the defendant was negligent; it must also be shown that the loss occurred by reason of such negligence.

CONTRACT against a warehouseman, for the value of a carriage stored with him, and alleged by him to have been stolen on June 6, 1873.

At the trial, before *Pitman*, J., the evidence on the part of the plaintiff tended to show that, during the months of May and June, 1873, the door of the building, wherein said carriage was stored, together with other carriages, of an aggregate value of from $4,000 to $6,000, was frequently left open during the day and night time and on Sundays; that the door, when locked, was fastened by a small padlock, hasp and staple; and one witness, who was at that time a workman for the defendant, testified that, about the time of the alleged loss, but prior thereto, the staple in which the padlock was fastened was so loose that it could be pulled out with the fingers, and that this was done by the witness on one occasion at the time referred to, but the witness testified that he did not communicate this fact to the defendant.

The evidence, on the part of the defendant, tended to show that the door was kept closed and secured by a suitable padlock;

that the doors and fastenings were in proper condition; and that the defendant was in the exercise of due care in relation to the subject matter of the suit; and that, on the morning of the day when the absence of the carriage was discovered, the lock was found to be broken.

The plaintiff requested the judge to instruct the jury as follows: "Evidence of habitual or frequent acts of negligence on the part of the defendant at the place, and at or near the time of the alleged loss, is competent upon the question of whether the loss resulted from the negligence of the defendant."

The judge refused this instruction, and, upon the subject therein referred to, instructed the jury as follows: "Evidence of habitual or frequent acts of negligence on the part of the defendant at the place, and at or near the time of the alleged loss, is competent upon the question whether the loss resulted from the negligence of the defendant, if such acts may have contributed to the loss in question."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. E. Pillsbury*, for the plaintiff.

*A. Russ & S. A. Bolster*, for the defendant.

AMES, J. In order to maintain his action, it was incumbent on the plaintiff to prove, not only that the defendant was negligent, but that the loss occurred by reason of his neglect. *Maynard* v. *Buck*, 100 Mass. 40, 48. It is manifest from the bill of exceptions that the point of controversy before the jury was whether the door of the building where the carriage was kept was opened because it was improperly and insufficiently fastened, or whether, being properly and reasonably secured, it was violently forced open by a thief. In other words the question was whether the loss was occasioned by the defendant's negligence; or by an act of violence for which he was not responsible. As bearing upon this question, the plaintiff had the benefit of all evidence of habitual or frequent negligence on the part of the defendant at or near the time of the loss, and he has no ground of complaint against the qualification added by the presiding judge. We must infer from the verdict, that the jury found that the negligence of the defendant did not contribute to the loss. *Exceptions overruled.*