WALLACE P. WILLETT & others *vs.* THOMAS A. RICH & others.

Suffolk. March 4. — July 6, 1886.

In an action of contract against a warehouseman, for a failure to keep safely goods entrusted to him, if it appears that the goods were returned in a damaged condition, and that the damage was caused by the fall of the warehouse, the burden of proof is on the plaintiff to show that such damage was caused by the negligence of the defendant or his servants.

MORTON, C. J. This is an action of contract against the defendants as warehousemen. The declaration contains four counts, but, as the third and fourth counts are the same as the first and second, except that they apply to a different lot of goods, we need consider only the first two counts.

The first count alleges that the defendants, as warehousemen, received goods of the plaintiffs, and agreed to keep the same safely, and to deliver the same to the plaintiffs upon demand, in the same order and condition as when received; that the goods were damaged while in the custody of the defendants; that they delivered them to the plaintiffs thus damaged and injured, and not in the same condition as when received, and thereby broke their contract.

The second count alleges that the defendants, as warehousemen, received goods of the plaintiffs, and agreed to store and

keep the same safely, and to deliver the same to the plaintiffs, upon demand; that they did not keep the same safely, but so negligently conducted themselves that, through the negligence of the defendants and of their servants, the goods were injured.

The case was, apparently, tried upon the second count. The injury to the plaintiffs' goods was caused by the fall of the warehouse; and the only ground upon which they claimed the right to recover was that the warehouse was not properly constructed, and that the defendants were negligent in not using reasonable care and diligence in examining and watching their warehouse and ascertaining its condition. After the evidence was all in, the defendants asked the court to instruct the jury that the burden of proof was on the plaintiffs to show that the injury and damage occurred through the neglect of the defendants, or those in their employ, to use ordinary care in regard to the building. The court refused this ruling, and instructed the jury that the burden of proof was on the defendants to show that such injury and damage occurred without their fault, or the fault of those in their employ; to which refusal and ruling the defendants duly excepted.

The fundamental rule as to the burden of proof is, that, whenever the existence of any fact is necessary in order that a party may make out his case or establish a defence, the burden is on such party to show the existence of such fact. In Stephen's Digest of the Law of Evidence, the rule is stated to be that "whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non-existence of facts which he asserts or denies to exist, must prove that those facts do or do not exist." Steph. Ev. (Am. ed.) 175. The test of the question before us, then, must be the further question whether the existence of the fact of negligence on the part of the defendants is necessary to create a liability for a breach of their contract. This depends upon the character of the contract which, by implication of law, a warehouseman enters into when he receives goods for storage. It is clear that this contract is not such a one as is set out in the first count of the plaintiffs' declaration. He does not agree that he will keep them safely, and on demand deliver them in the same order and condition as when received by him. This would make him an insurer of the goods against

all damage by accident, deterioration, or any other cause. But the authorities clearly show that the implied undertaking of the warehouseman is not that he will, at all events, keep the goods safely, but that he will use reasonable and ordinary care and diligence in keeping them. *Thomas* v. *Boston & Providence Railroad*, 10 Met. 472. *Lamb* v. *Western Railroad*, 7 Allen, 98. *Cass* v. *Boston & Lowell Railroad*, 14 Allen, 448. *Gay* v. *Bates*, 99 Mass. 263. *Aldrich* v. *Boston & Worcester Railroad*, 100 Mass. 31. *Lane* v. *Boston & Albany Railroad*, 112 Mass. 455. *Roberts* v. *Gurney*, 120 Mass. 33. Unless he fails to use due care in keeping the goods, he has not broken his contract, but has done all that he agreed to do.

Suppose a plaintiff, in a case like the one before us, should prove that he had deposited goods with the defendant as a warehouseman, and that they were redelivered to the plaintiff in a damaged condition, and should admit that the defendant had used due care, and that the goods were damaged without any fault on his part, it could hardly be contended that the defendant was liable. In such a case, the existence of some negligence on the part of the defendant is an essential element of the plaintiff's case. He cannot ask the judgment of the court in his favor, unless such negligence exists, and we cannot logically escape from the conclusion that therefore the plaintiff must allege and prove this fact.

We are therefore of opinion, in the case at bar, that the jury should have been instructed that the burden of proof was on the plaintiffs, to show that the damage to their goods was caused by the negligence of the defendants or of their servants.

The ruling at the trial was made in deference to the decision in *Cass* v. *Boston & Lowell Railroad, ubi supra;* and the plaintiffs contend that that case covers, and is decisive of, the case at bar. That case might be distinguished from the case at bar. It was an action of contract against a warehouseman for the refusal to deliver, upon due demand, goods which had been entrusted to it for storage. The answer alleged that, without any negligence of the defendant, the goods were stolen from its warehouse. The decision and opinion of the majority of the court are carefully confined to the precise case before it. It recognizes fully the general principles which we have stated above, both as to

the nature of the warehouseman's contract and as to the burden of proof; and the utmost scope of the decision is, that, where there has been a refusal to deliver goods upon demand, and the warehouseman alleges that they have been stolen without his fault, the burden is upon him to prove this fact.

This does not reach the case at bar. The plaintiffs do not, and could not truly, allege that there has been a refusal to deliver upon demand. On the contrary, they are compelled by the facts to allege, as they do in the second count, that the goods were damaged while in the custody of the defendants by their negligence. Negligence is an issue raised by the pleadings, and is a fact which must exist in order to create any liability of the defendants. We see no reason to suppose, from the decision or the opinions in *Cass* v. *Boston & Lowell Railroad*, that, if the case before the court had been like the case at bar, the decision would have been different from ours. But we think the two cases really depend upon the same principles; and, upon careful consideration, we can see no principle upon which the decision in that case can be maintained. It seems to proceed upon one or both of two grounds : first, that, as the plaintiff did not allege negligence in his declaration, therefore negligence was not in issue; and secondly, that, as the plaintiff could make out a *prima facie* case by proof of a refusal to deliver upon demand, any excuse which the defendant set up for the refusal to deliver was matter in discharge and avoidance, which must be proved by the defendant. The opinion recognizes the question of negligence as one of the issues in the case, for the case proceeds upon the ground that, if the defendant could show that it was not negligent, it would be a complete answer to the plaintiff's case.

As the only contract of the warehouseman is that he will use due care in keeping the property, and deliver it on demand, if, after using due care, he shall have it in his possession, a plaintiff must show a breach of this contract to entitle him to recover, either in contract or tort. We do not see how, by changing the form of his declaration, he can change the liability or rights of the warehouseman. Whatever the form of declaration is, he is required to prove a breach of the contract. It may be that, where there is a refusal to deliver, the plaintiff may make out a *prima facie* case upon proving this fact, because such refusal,

if unexplained, is some evidence of the breach of the contract. But this does not shift the burden originally on the plaintiff to prove a breach of contract. The majority of the court say, in their opinion, "If the defendants indeed prove that the goods are stolen or lost, without direct fault on their part, so that performance is impossible, then, if the plaintiff charges that the loss occurred through negligence, he must prove it, and the burden of proof shifts upon him to do so." We understand the doctrine to be well settled in this Commonwealth, that the burden of proof never shifts; and we think that, in the case we are discussing, and in the case at bar, the burden to show negligence was upon the plaintiffs from the beginning, and remained upon them throughout the trial.

And it also seems clear to us that the fact set up by the defendant, in *Cass* v. *Boston & Lowell Railroad*, that the goods were stolen without its fault, was not matter in discharge or avoidance of the plaintiff's case. It did not admit a breach of contract, and set up new matter to excuse or avoid the effect of such breach. On the contrary, the evidence went to show that there had been no breach of the defendant's contract. It did not excuse and avoid, but denied the plaintiff's case.

We do not discuss these questions at great length, because to do so would only be to repeat the arguments of the exhaustive dissenting opinion of Chief Justice Bigelow in that case.

For the reasons stated, we are of opinion that the instructions requested by the defendants should have been given.

*Exceptions sustained.*

*R. Stone*, for the defendants.
*L. S. Dabney*, for the plaintiffs.