SAMUEL M. GILE *vs.* FRANCIS M. SAWTELLE.

Piscataquis.    Opinion March 21, 1900.

*Evidence. Burden of Proof.*

In an action to recover one hundred dollars which the defendant agreed to pay for the use of a field and pasture, it appeared that the defendant admitted the contract set up by the plaintiff, but said the plaintiff at the same time guaranteed that the field would cut fifteen tons of hay that season.

*Held;* that the burden of proving the guaranty and the breach thereof was upon the defendant; and that an instruction by the presiding justice as to the guaranty set up by the defendant " while I will not instruct you that the burden lies upon him, I do instruct you, as he sets that up as an independent proposition, that it should fully appear to be a fact" is calculated to give the jury an impression that, with respect to the alleged contract of guaranty, there was some peculiar duty resting upon the defendant, other and less than the ordinary burden, of proving it by a greater weight of evidence.

ON EXCEPTIONS BY PLAINTIFF.

The case is stated in the opinion.

*Henry Hudson,* for plaintiff.

*J. S. Williams,* for defendant.

SITTING: EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

WHITEHOUSE, J. This is an action of assumpsit brought by the plaintiff to recover the sum of one hundred dollars under an express contract for the use of the defendant's field and pasture. The defendant admitted the contract set up by the plaintiff, but averred that the plaintiff at the same time guaranteed that the field would cut fifteen tons of hay that season, and claimed that he had sustained damage by reason of a breach of that guaranty.

Upon this branch of the case the presiding justice instructed the jury, inter alia, as follows: "The defendant sets up this contract of guaranty, and while I will not instruct you that the burden of proof lies upon him, I do instruct you, as he sets that up as an independent proposition, that it should fully appear to be a fact,

because while it is connected with the trade, yet it was an independent proposition set up by Mr. Sawtelle, and if you find there was no guaranty, that goes out of the case. If you find there was a guaranty, then what amount would make Mr. Sawtelle whole under the guaranty; supposing, for instance, that Mr. Sawtelle had sued Mr. Gile for a breach of warranty, how much ought he to recover?" The verdict was for the defendant, and the case comes to this court on the plaintiff's exceptions to this instruction respecting the burden of proving the contract of guaranty.

It is an elementary principle that whenever in a court of justice one party undertakes to establish a proposition of fact as the foundation of a suit against another, or to set up a new proposition to obtain a release from another's claim against him, he is deemed the moving party or actor in the suit, and must produce a greater weight of evidence in support of his contention. "It makes no difference," says Mr. Wharton, "whether the actor is plaintiff or defendant, so far as concerns the burden of proof. If he undertakes to make out a case, whether affirmative or negative, this case must be made out by him, or judgment must go against him. Hence it may be stated as a test admitting of universal application, that whether the proposition be affirmative or negative, the party against whom judgment would be given, as to a particular issue, supposing no proof to be offered on either side, has on him, whether he be plaintiff or defendant, the burden of proof which he must satisfactorily sustain." 1 Whar. Ev. § 357, and cases cited. Indeed, this doctrine is too familiar and well-settled to admit of discussion or require the citation of authorities.

In *Dorr* v. *Fisher*, 1 Cush. 271, the action was for the recovery of the contract price of a quantity of butter. The defendant admitted the contract, but set up in defense a breach of warranty respecting the quality of the butter. It was held that the burden of proof was on the defendant to show that it was not equal to the warranty.

In *Lothrop* v. *Otis*, 7 Allen 435, the action was to recover for a set of scales. The defense admitted the contract price, but claimed that the scales were warranted to be "six-ton scales" and that they

did not correspond to the warranty, and it was held that "the burden of proof was on the defendant to prove the contract which he had alleged and also the breach of it." So in *McGregory* v. *Prescott*, 5 Cush. 67, the court say: "On an affirmative contract being proved to pay money or perform some duty, it is incumbent on the defendant to prove payment, performance or tender, or an excuse therefrom." See also *Windle* v. *Jordan*, 75 Maine, 154, and cases cited.

"There is much ambiguity," says Prof. Thayer, "in what is said of the 'shifting' of the burden of proof. As to this it is vital to keep quite apart the considerations applicable to pleading and those belonging to evidence. We see that the burden of going forward with evidence may shift often from side to side; while the duty of establishing his proposition is always with the actor and never shifts." Prelim. Treat. on Ev. p. 378. See also the like discrimination made in *Buswell* v. *Fuller*, 89 Maine, 602, and *Willett* v. *Rich*, 142 Mass. 360.

But as already seen, the solution of the question presented in the case at bar does not involve a special inquiry into this distinction between the burden of proof and the burden of evidence. The plaintiff undertook to prove that the defendant agreed to pay him one hundred dollars for the use of his field and pasture. It was incumbent upon the plaintiff to establish this proposition as the foundation of his action. Upon this proposition the plaintiff was the actor. The duty of establishing it was imposed upon him and never shifted. His evidence upon this point, however, was not controverted. The defense admitted the contract of hiring, and made no question in regard to the price named by the plaintiff. But it was contended that the plaintiff guaranteed that the field would cut a certain quantity of hay that season, and that it failed to do so. The defendant undertook to prove this contract of guaranty, and claimed damages for the breach of it by way of recoupment. He set up an independent proposition to obtain a release from the plaintiff's claim against him for the contract price. This procedure was a substitute for a cross-action on the plaintiff's guaranty. But if the defendant had brought such an action, it is entirely clear

that the burden of proof would have been upon him to prove the alleged guaranty and also the breach of it. The proposition to be established is the same whether advanced as the basis of a separate action or in defense of a pending suit to meet the plaintiff's claim. He who sets it up is as clearly and distinctly the actor in the one case as in the other. It is immaterial whether he sets up the proposition as defendant in this suit or as plaintiff in a cross-action. In either case the burden of proof is upon him to make good his contention by a preponderance of evidence, and that burden never shifts.

The instruction excepted to was doubtless inadvertently given, under the impression of the moment, that as the burden of proof never shifts it could not properly be said to rest on the defendant at any stage of the proceedings; and it is by no means certain that the plaintiff is aggrieved by the instructions actually given. But the explicit refusal of the presiding justice to instruct the jury that the burden was on the defendant to establish the proposition set up by him, though followed by the statement that it must "fully appear to be a fact," was calculated, it is feared, to give the jury an impression that with respect to the alleged contract of guaranty there was some peculiar duty resting upon the defendant, other and less than the ordinary burden of proving it by a greater weight of evidence. It is accordingly the opinion of the court that the entry must be,

*Exceptions sustained.*