## Thomas F. Hanna vs. J. Henry Shaw.

Plymouth.    November 17, 1922. — February 26, 1923.

Present: Rugg, C.J., Braley, De Courcy, Crosby, Pierce, & Carroll, JJ.

*Garage. Motor Vehicle. Bailment. Negligence,* Of garage keeper. *Evidence,* Presumptions and burden of proof.

In the absence of an express contract of a different import, a garage keeper, as to motor vehicles left in his care, is a bailee for hire of the same character as are livery stable keepers and warehousemen as to property left in their care, is bound to exercise that degree of care which may reasonably be expected of a prudent person in similar circumstances and is liable for any loss or damage to the property resulting from a failure on his part or on the part of his servants or agents to exercise such care; and, unlike common carriers and innkeepers, he is in no sense an insurer of the property thus committed to his care.

In an action of tort by the owner of an automobile against a garage keeper for damages to the automobile alleged to have resulted from negligence of the defendant or his servants or agents, the answer, besides a general denial, alleged that the damage was the result of negligence of the plaintiff and not of the defendant. At the trial there was evidence tending to show that the plaintiff had hired of the defendant storage together with the services of the defendant and of his servants in seeing that the automobile each day was supplied with necessary oil, gas and water and that it was in running condition for the next day's work; that on an evening late in December he had driven the automobile into the defendant's garage and had left it in the centre of the floor, whence an employee of the defendant placed it in a stall; that at that time it was in good working order; that the next morning, when another employee of the defendant started the motor to take the car to the plaintiff, he had trouble with the engine and it was discovered that a connecting rod had gone through the cylinder and seriously damaged the motor; and that this condition was brought about by overheating of the engine. There was no evidence, other than the above, that any person other than the plaintiff and the two employees of the defendant had touched the automobile, or that the automobile, on the night following the time it was left at the garage by the plaintiff, had been taken therefrom, or that the garage was not properly secured to prevent the entrance of trespassers. *Held,* that

(1) There was no evidence upon which it could have been found that the plaintiff had sustained the burden, which rested upon him, of proving that the damage to the automobile resulted from negligence of the defendant or of his employees;

(2) It appeared from the pleadings that the only issue raised was that of negligence;

(3) The plaintiff in the circumstances here disclosed did not make out a *prima facie* case merely by showing that he left the automobile in the defendant's garage in good condition, and that it was in a damaged state the next morning: the burden of proof did not shift to the defendant but remained with the plaintiff;

(4) Since an inference that the engine had been overheated before the car was left at the garage by the plaintiff was equally as consistent with the evidence as an inference that it had been run and the engine overheated after the car was left there, a verdict for the plaintiff was not warranted;

(5) The circumstances raised no presumption of negligence of the defendant or of his servants or agents requiring him to produce evidence of some other cause of the damage than such negligence.

Where the evidence at a trial tends equally to sustain two inconsistent propositions, neither of them can be said to be established by legal proof.

TORT for damage to the plaintiff's automobile alleged to have resulted from negligence of the defendant, a garage keeper. Writ dated March 30, 1921.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $235; and the defendant alleged exceptions.

The case was argued at the bar in November, 1922, before *Rugg*, C.J., *De Courcy, Crosby, & Carroll*, JJ., and afterwards was submitted on briefs to all the Justices except *Jenney*, J.

*M. Collingwood*, for the defendant.

*A. P. Richards*, for the plaintiff.

CROSBY, J. This is an action of tort brought against a garage keeper, alleging negligence which resulted in damage to the plaintiff's automobile.

The plaintiff hired storage from the defendant for the automobile, together with the services of the defendant and his servants in seeing that the automobile each day was supplied with necessary oil, gas and water, that it was in running condition for the next day's work. The following facts are recited in the record.

"On the evening of December 22, 1920, the plaintiff drove his automobile into the defendant's garage and left it in the centre of the floor. The plaintiff testified that at that time the automobile was in good working order. An employee of the defendant named Gifford was in charge of the garage at that time. One of Gifford's duties was to take the automobile into a stall, which he testified he did. Gifford testified that the automobile worked properly during that operation. The plaintiff was not at the garage during the night, and did not see the automobile until the next morning, after the injury was discovered. The next morning another em-

ployee of the defendant, one Manter, started the motor to take the automobile to the plaintiff's office at the plaintiff's request. Manter testified that he then discovered trouble with the engine, and that the motor was then stopped. An investigation showed that the connecting rod had gone through the cylinder and seriously damaged the motor. There was no evidence other than such as may appear herein, that any other person than the plaintiff, Gifford and Manter, had touched the automobile. It was customary and usual for the night man employed by the defendant to put the car away and for another employee to take the automobile at the plaintiff's request to his office in the morning. There was testimony that the trouble with the plaintiff's automobile was brought about by overheating the engine. The foregoing was all the material evidence upon the question of liability."

The question is whether, upon the facts above stated, there was any evidence to sustain the allegation in the declaration that the defendant was guilty of negligence.

The rights, duties and liabilities of garage keepers are analogous in many respects to those of livery stable keepers and warehousemen. As to motor vehicles left in the care of a garage keeper, he is a bailee for hire, and as such is liable for any loss or damage to the property resulting from his negligence, or that of his servants or agents acting within the scope of their employment. Respecting such property, he is bound to exercise that degree of care which may reasonably be expected from ordinarily prudent persons under similar circumstances. Unlike common carriers, innkeepers and certain other bailees for hire, he is in no sense an insurer of the property committed to his care. *Foster* v. *Essex Bank*, 17 Mass. 479. *Perham* v. *Coney*, 117 Mass. 102. *Willett* v. *Rich*, 142 Mass. 356. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. This is the general, if not the universal, rule as applied to such bailments.

In the case at bar there is no evidence to show that the automobile on the night following the time it was left at the garage was taken therefrom, or that the garage was not properly secured to prevent the entrance of trespassers. While there was testimony that the trouble with the automobile was brought about by overheating the engine, it does not appear that that condition may not have existed when the car was left at the garage, and that

the connecting rod may not have gone through the cylinder and damaged the motor when the defendant's employee, Manter, started the engine. The burden of proof of negligence rested on the plaintiff to make out his case; he failed to sustain that burden.

The declaration alleges that the automobile when delivered to the defendant was in good condition; and that while in the garage and in the possession of the defendant through no fault of the plaintiff it became greatly damaged by reason of the negligence of the defendant, his servants or agents. The defendant, in his answer, in addition to pleading a general denial, says that if any injury occurred to the automobile it was not caused by the negligence of the defendant or of his servants or agents, but was due to the negligence of the plaintiff. It thus appears from the pleadings that the only issue raised is that of negligence.

We are of opinion that the plaintiff in the circumstances here disclosed did not make out a *prima facie* case merely by showing that he left the machine in the defendant's garage in good condition, and that it was in a damaged state the next morning. The burden of proof does not shift to the defendant but remains with the plaintiff. It was said in *Willett* v. *Rich*, 142 Mass. 356, at page 360: "We understand the doctrine to be well settled in this Commonwealth, that the burden of proof never shifts; and we think that, in the case we are discussing, and in the case at bar, the burden to show negligence was upon the plaintiffs from the beginning, and remained upon them throughout the trial." The inference that the engine had been overheated before the car was left at the garage by the plaintiff, is equally consistent with the inference that it had been run and the engine overheated after the car was left there. Where the evidence tends equally to sustain two inconsistent propositions, neither of them can be said to be established by legal proof. As the plaintiff failed to show that the damaged condition of the car was the natural and probable result of negligence of the defendant, the verdict cannot be sustained. *Lamb* v. *Western Railroad*, 7 Allen, 98. *Smith* v. *First National Bank in Westfield*, 99 Mass. 605. *Roberts* v. *Gurney*, [120 Mass. 33. *Willett* v. *Rich*, *supra*. *Wood* v. *Remick*, 143 Mass. 453. *Murray* v. *International Steamship Co.* 170 Mass. 166. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 403. *Stevens* v. *Stewart-Warner*

*Speedometer Corp. supra. Firemen's Fund Ins. Co.* v. *Schreiber,* 150 Wis. 42.

We are unable to agree with the contention of the plaintiff that, when goods have been delivered to a bailee and have been either lost or damaged and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, thereby placing upon him the duty of producing evidence of some other cause of loss or injury. So to hold would be contrary to the law as established by this court and by courts in other jurisdictions. This result is in accord with our own decisions and those of many other jurisdictions, although there are contrary authorities.

As there was no evidence to support a finding of negligence, the entry must be

*Exceptions sustained.*