Wilson, J.
This is an action of tort or contract seeking to recover for damages to the plaintiff’s automobile which, it is claimed, were sustained while said automobile was in a garage, owned by the defendant, under circumstances hereinafter described. There was a finding for the plaintiff in the trial court.
We consider the evidence in its aspect most favorable to the plaintiff and all inferences in his favor, which are warranted by the evidence, are to be made. Karjavainen v. Buswell, 289 Mass. 419, 421. Shea v. American Hide & Leather Co., 221 Mass. 282, 283. Dillon v. Framingham, 288 Mass. 511, 513. Lincoln v. New York, New Haven & Hartford Railroad, Mass. Adv. Sh. (1935) 1477, 1478.
With that rule in mind, there was evidence from which it could be found that the defendant in January, 1934, operated a filling station in Salem; that in the rear of said station was another building, in which the defendant rented space for the storage of twenty to thirty automobiles; that the plaintiff had been parking his car in the street and went to see the defendant about procuring a space to park his car in the defendant’s building.
The plaintiff spoke to the defendant about it and told him things had been stolen from it while parked in the street and the defendant said the car would be perfectly safe and that he wouldn’t have to worry as there was some one there most of the time. It was agreed that the plaintiff should pay $1.00 per week and he was given a key, which opened the door of the building, and he was informed that all the tenants had similar keys. The plaintiff was assigned a stall which was a definite space near the wash stand and so situated that he could get out early. The plaintiff knew that no attendant stayed at the building or at the adjoining *466 filling station all night. The plaintiff habitually locked all the doors of his automobile and took the ignition key home. On two occasions, during a cold spell when the garage was crowded, he left the doors open so that his car could be pushed around to make room for other cars.
On May 28, 1934, the plaintiff put his car in the garage at about ten thirty o’clock in the evening. The door and lock were in satisfactory order when he left there that night. The next morning he came to get his car at about six thirty o’clock. He noticed the lock on the door of the building was knocked off. He started to work in his car and after operating it a short distance, it stopped and could not be again operated because of carborundum filings found in the oil in the crankcase.
The defendant seasonably presented nineteen requests for rulings. It was said in Hietala v. Boston & Albany Railroad, Mass. Adv. Sh. (1936) 1591, 1599:
“When so many requests are filed in a case like the present, a party may expect adequate consideration of them, but not detailed discussion in an opinion.”
The trial court allowed requests numbered 3, 4, 5, 7,15,16 and 17, and denied all others “as not applicable to facts found by me. ’ ’ The trial court made no findings of fact.
This method of dealing with requests for rulings has been criticised several times. See Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2301. Markiewicz v. Toton, Mass. Adv. Sh. (1935) 2465, 2468. Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, 23, 24. McDonald v. Adamian, Mass. Adv. Sh. (1936) 851. Mericantante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) 1613, 1614. And in Freeman v. Crowell & Thurlow, Inc., Mass. Adv. Sh. (1937) 307, 310, the court said:
“The practice of denying requests for rulings because they are not applicable on the unreported facts found by the judge is unsound and should not be continued.”
*467 It is unnecessary to the decision of the instant case for us to determine whether such practice constitutes prejudicial error.
The motions for judgment, referred to in the report, were waived at the argument before us. As to this practice, see Morse v. Homer’s Inc., Mass. Adv. Sh. (1936) 2105, 2106. Certain of the defendant’s requests for rulings were also waived.
It is urged by the defendant that the relation of the parties was not that of bailor and bailee but rather of landlord and tenant with relation to the space assigned to the plaintiff and relies upon the case of Hogan v. O’Brien, 206 N. Y. Sup. 832. While we are of opinion that there is substantial ground for that position, the trial judge, by his disposition of the defendant’s rulings, indicated that he came to the conclusion the arrangement was one of bailment for hire. And in this Commonwealth, the term garage has been defined by G. L. (Ter. Ed.) Ch. 90, §1.
By giving requests numbered 3, 4, 5, 7 and 15, the trial court correctly instructed itself as to the burden of proof to establish the existence of those essentials necessary to constitute a bailment for hire and of the negligence of the bailee. See Willett v. Rich, 142 Mass. 356. Hanna v. Shaw, 244 Mass. 57, 61. Bellows v. Worcester Storage Company, Mass. Adv. Sh. (1937) 585, 589.
If we assume that the relation between the plaintiff and defendant was that of bailor and bailee, then the obligation of the defendant was as stated in Hanna v. Shaw, 244 Mass. 57, 59:
“As to motor vehicles left in the care of a garage keeper, he is a bailee for hire, and as such is liable for any loss or damage to the property resulting from his negligence, or that of his servants or agents acting within the scope of their employment. Respecting such property, he is bound to exercise that degree of care which may reasonably be expected from ordinarily prudent *468 persons under similar circumstances. Unlike common carriers, innkeepers and certain other bailees for hire, he is in no sense an insurer of the property committed to his care.”
Negligence may consist of a failure to guard against the wrongful and even criminal acts of third persons. Bellows v. Worcester Storage Company, Mass. Adv. Sh. (1937) 585, 589.
A bailee may be held liable for failure to guard against a robbery, the likelihood of which ought to have been foreseen. Morse v. Homer’s Inc., Mass. Adv. Sh. (1936) 2105. But a bailee may limit his liability by the contract creating the bailment. Such a limitation may be by express agreement or may arise by reason of implication from all the facts and circumstances. D. A. Shulte, Inc. v. North Terminal Garage Company, Mass. Adv. Sh. (1935) 1593, 1597, 1598.
“All the circumstances in a case are to be considered in determining the quality of care which should be furnished by a bailee. ” Morse v. Homer’s Inc., Mass. Adv. Sh. (1936) 2105, 2107.
In the case at bar, the uncontradieted testimony of the plaintiff himself (see Burns Bros. Co. v. Sylvia Block, Mass. Adv. Sh. (1935) 2373, 2376) clearly indicates that the parties, by the contract, contemplated that other persons were, like the plaintiff himself, to have keys giving them access to the premises where the plaintiff’s automobile was kept, and that said premises would at times be left without a watchman or other attendant to safeguard the plaintiff’s property. Those incidents were contemplated by the contract. They cannot be the basis for a finding or inference of negligence on the part of the bailee. The lock on the door was found knocked off in the morning, indicating that the premises had been properly locked.
The report does not contain any evidence of the negligence of the defendant or any one for whose negligence the *469 defendant was responsible, nor does it contain evidence from which the trial court would be warranted in inferring such negligence.
The court erred in refusing the defendant’s sixth request and since that ruling if given would have disposed of the case in the defendant’s favor, it is unnecessary to discuss the denial of other requests filed by him. Judgment will be entered for the defendant. G. L. (Ter. Ed) Ch. 231, §§110-124. Andrade v. Hanley, 289 Mass. 335, 337.