Donovan, J.
In this action of tort (the plaintiff having waived his count in contract) in which the plaintiff seeks to recover for damage to his automobile, the defendant, after trial, seasonably filed three requests for rulings of law. The trial judge allowed requests Nos. 1 and 2 and denied request No. 3 that “the evidence does not warrant a finding that the defendant, its agents or servants were negligent” and found “that the defendant was negligent” in the care of the plaintiff’s automobile and made a general finding for the plaintiff. Thus the sole question of law raised by the report is whether the evidence warranted a finding that the defendant was negligent.
The principal facts disclosed by the evidence at the trial appear to be that on April 25, 1941 the defendant was the owner or operator of a seven story public garage; that this garage had a capacity of about 350 cars and that the first floor where the automobile of the plaintiff, one of the defendant’s patrons, was garaged or parked had a capacity of about 45 cars; that on the night in question this garage was *321 operating at about 60% capacity; that the garage catered to a well-to-do clientele and that most of the cars parked in the garage were of expensive makes; that all cars garaged or parked in the garage, including the plaintiff’s car, were left there according to custom with the ignition keys in the ignition lock; that entrance and exit to the first floor of the garage were by means of two large doors located flush with the street level and immediately abutting the public sidewalk ; that these two doors had no locks but were opened and closed from the inside; that the defendant had no posted or printed rules or regulations for the guidance or direction of its employees in the protection of the cars of its patrons ; that located on the first floor was an office about 40 feet from where the plaintiff’s automobile was parked; that on the night in question one McDonald and one Shaughnessy, employees of the defendant, were on duty on the first floor of the defendant’s garage to receive, care for, and allow to depart cars which belonged to the defendant’s patrons; that at about 12:30 a. m., on the night of April 25, 1941 both McDonald and Shaughnessy went into the office of the garage, Shaughnessy for a purpose not disclosed by the evidence, and McDonald to eat his luncheon, leaving the two doors to the garage open; that from their position in the office both Shaughnessy and McDonald by looking through the office door window could see where the plaintiff’s car was parked about 40 feet from the office and about 25 feet from the door of the garage nearer the office but neither of them could see any person who might come into the garage through the open door farther away from the office because their view was obstructed by parked cars; that when McDonald started to open his lunch he heard a motor start; that he looked at the plaintiff’s car and saw two unknown men in it and heard the motor running; that he yelled to Shaughnessy; that he and Shaughnessy ran out of the office ; that the plaintiff’s car was then being driven by one of *322 the two men in it through the open garage door farthest from the office; that Shaughnessv and McDonald ran into Mewbury Street through the door located nearest to the office for the purpose of apprehending these two men and recovering possession of the plaintiff’s automobile but were unable to do so; that they did not follow the plaintiff’s automobile because they had no vehicle that they could use for that purpose; that these two unknown men stole the plaintiff’s automobile from the defendant’s garage; that the following day the plaintiff’s automobile was found in Circuit Street in the Roxbury District of Boston in a stripped condition.
As argued by the defendant we agree that a garage keeper for hire is in no sense an insurer against the loss of the automobiles of its patrons but it is required to exercise reasonable care to protect them against loss or damage while they are in its custody. Hanna v. Shaw, 244 Mass. 57. Rogers v. Murch, 253 Mass. 467, and there is no presumption that the bailee did not use due care in safeguarding the plaintiff’s automobile. Hanna v. Shaw, 244 Mass. 57 supra. Sandler v. Commonwealth Station Co., 307 Mass. 470 at 473.
In the instant case the court could have found that both of the defendant’s employees who were in charge of the automobiles garaged on the first floor of the defendant’s premises and whose duty it was to protect the automobiles of the defendant’s patrons from theft having left the floor and gone to the office of the defendant, one to eat his lunch and the other for a purpose not disclosed by the evidence, leaving both doors of the garage open, with their view of the open garage door furthest away from them obstructed by the parked cars of other patrons of the defendant furnished the trespassers with the opportunity to enter the garage and steal the plaintiff’s automobile.
We think that the evidence was amply sufficient to warrant the finding that the defendant by its employees Shaugh *323 nessy, and McDonald was negligent in the care and protection of the plaintiff’s automobile and it follows that the denial of the defendant’s request for ruling of law No. 3 was proper. Report dismissed.