Richard Coughlin, for the plaintiff.

Sisk Bros., for the defendant.

*Northern District*

No. 4761

**MILDRED KENNEDY**

v.

**EILEEN V. S. VOZELLA**

*Cavan, J.* This is an action of tort or contract to recover damages for the loss of plaintiff's fur scarf, which had been left in the defendant's checking room.

On September 7, 1952, the plaintiff, with an escort, went to a restaurant, known as "The Frolic", in Revere, Massachusetts. While she went directly to the

restaurant, her escort checked her fur scarf in a check-room located in the same building, but not connected with the restaurant, and left a twenty-five cent tip with an employee thereof.

At the time, the defendant was the concessionaire of said check-room, which she operated without charge to the customers of said restaurant and others.

Later, when the escort returned to get the scarf, it could not be found in the check-room, and the defendant's employee did not know what had become of it. Employees of the defendant had access to the check-room, and, from the time the scarf was checked until it was called for, an employee of the defendant was in attendance.

The foregoing is, in substance, the entire evidence.

The trial judge (Crehan, J.) denied the defendant's following requests for rulings:

"1. There is no evidence that the defendant is the bailee of the plaintiff's scarf.

2. There is no evidence that the defendant received any financial benefit from the bailment of the plaintiff's scarf.

3. The defendant is liable to the plaintiff only for gross negligence.

6. The plaintiff cannot recover damages based on evidence of the fair market value of the fur on the date she checked the said fur with the defendant.

7. On the evidence, the plaintiff cannot recover on the plaintiff's declaration.

8. The plaintiff paid no consideration to the defendant for the checking of the plaintiff's fur scarf.

14. The defendant is a bailee for safe keeping without consideration.

17. There is no evidence of negligence on the part of the defendant.

19. The defendant is not a bailee for hire.

20. The relationship between the plaintiff and the defendant was that of licensor and licensee only."

The judge found "that there was a bailment between the plaintiff and the defendant for their mu-

tual benefit and that the defendant was guilty of ordinary negligence as a result whereof the plaintiff sustained damages."

The defendant claims to be aggrieved by the judge's rulings and by his denial of her requests for rulings, as set forth above.

In *Whitney v. Lee,* 8 Met. 91, Shaw, C. J. states, "The law has endeavored to make a distinction in degrees of care and diligence to which different bailees are bound; distinguishing between gross negligence, ordinary negligence and slight negligence; though it is often difficult to mark the line where the one ends and the other begins. And it must be often left to the jury, upon the nature of the subject matter, and the particular circumstances of each case, with suitable remarks by the judge, to say whether the particular case is within the one or the other. Subject to these remarks upon application of those distinctions, we think it settled, that a bailee for safe-keeping, without reward, is not responsible for the article deposited, without proof that the loss was occasioned by bad faith or gross negligence."

It is generally known that check-rooms for the convenience of the public, without charge, rely, for revenue, upon the tips received from the depositors of articles left in their care. G. L. (Ter. Ed.) c. 149, §159A provides, in certain cases, that a sign shall be displayed, indicating what part of any tips go to the employee and, if none, that should be stated.

The defendant conducted her check-room without charge, but relied upon tips for her income. There was a benefit to her in having people check their articles with her, because of the probability of receipt of tips. "To impose liability for ordinary negligence, it is only necessary for a jury to find some business advantage to the defendant." *Beaulieu v. Lincoln Rides, Inc.,* 328 Mass. 427, 428-429.

We find no error in the denial of the defendant's requests for rulings numbered 1, 2, 3, 7, 14, 19 and 20, nor to the judge's ruling that there was a bail-

ment between the plaintiff and the defendant for their mutual benefit.

We are of the opinion that the denial of the defendant's 17th request for ruling, "There is no evidence of negligence on the part of the defendant", was prejudicial error, for there is no evidence in the report to indicate that the scarf was lost, or taken from the defendant, through the negligence of the defendant or of her employees. This was part of the plaintiff's burden of proof, which she left to surmise or conjecture. The case is not within G. L. c. 105, §15, wherein the burden of proof is placed on the warehouseman to establish the existence of lawful excuse for refusal or failure to return the goods. *Rudy v. Quincy Market Cold Storage & Warehouse Co.*, 249 Mass. 492.

In *Hanna v. Shaw*, 244 Mass. 57 at 61, the court states: "We are unable to agree with the contention of the plaintiff that, when goods have been delivered to a bailee and have been either lost or damaged and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, thereby placing upon him the duty of producing evidence of some other cause of loss or injury. So to hold would be contrary to the law as established in this court and by courts of other jurisdictions. This result is in accord with our own decisions and those of many other jurisdictions although there are contrary authorities."

Because of the finding of prejudicial error, it is unnecessary to consider the denial of defendant's 6th and 8th requests for rulings.

The finding for the plaintiff is to be vacated, and a finding is to be made for the defendant.

James A. Flanagan, for the plaintiff.

Hoffman & Schwartz, for the defendant.