*Northern District*
No. 6078
**ORLANDO NARDONE**
v.
**CUSTOM AUTO BODY, INC.**

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Cavanaugh, J.* in the District Court of Chelsea. No. 802.

*Parker, J.* In this action of tort, the plaintiff seeks to recover for damages to his motor vehicle caused by fire. The defendant's answer is a general denial, contributory negligence, and assumption of risk.

*There was evidence tending to show that* at about 2:00 *A.M.* 16 September 1961 the plaintiff, driving his car on Revere Beach Parkway, had a flat tire and his spare tire was also flat. The police came by and, by radio, requested that the defendant's tow truck take the plaintiff's car from the highway. The plaintiff, in reply to his question on the arrival of the tow truck, was told that the tire could not be fixed at the scene. The defendant's operator towed the plaintiff's 1957 Ford to the defendant's premises where it was left in an outdoor space between two buildings.

The plaintiff gave his keys to the defendant's operator, waited about ten minutes, and then went to the Beach. The plaintiff had with him a passenger. They had been together since about 11 *P.M.* the evening before. Both had something to drink during the evening, but the amount was not established nor does the report state that the drinks were alcoholic.

Both the plaintiff and his passenger smoked in the plaintiff's motor vehicle during the evening.

A lieutenant of the fire department gave evidence that as a result of a call he went to the defendant's premises at about 7:30 *A.M.* 16 September 1961 and extinguished a fire in the plaintiff's motor vehicle. The fire originated in the front seat of the plaintiff's car and, on the basis of sixteen years experience, in his opinion the most probable cause of the fire was a cigarette and also that in his opinion the fire started "an hour or more" before discovery.

*There was evidence that* the defendant had three drivers on call to handle two to six tows per night. Sometimes towed cars "were internally garaged and on other occasions left outside." No attendant was on duty to receive tows and neither was there a watchman on the premises during the night. The defendant's tow operator checked the car when he left at about 3:00 A.M. when it appeared satisfactory and all windows were closed and that no tow operator got inside the motor vehicle, other than to reach in to see if the brakes were released prior to towing.

The plaintiff never reclaimed his car. His testimony was that it had a fair market value of eight hundred to eight hundred and fifty dollars prior to the fire and no value after, and that the defendant quoted him a restoration bid of five hundred to five hundred and

fifty dollars. An appraiser called by the defendant gave evidence that the cost of repairing the fire damage was $194.00, his appraisal being made in December 1963.

The court determined the defendant to be a bailee and found that the defendant bailee possessed plaintiff's car keys and had complete control of the car which was left in the open air area unattended, without protection, from 2:30 *A.M.* on 16 September 1961 to approximately 5:00 *to* 6:00 *A.M.* of the same day and that the fire originated according to expert testimony one or more hours prior to its outbreak.

The court found that

"the basis for the fire developed while the car was in the possession of the defendant, bailee; that the defendant did not accord the property that degree of care reasonable and prudent men exercise under like circumstances; and that the plaintiff, bailor, was free from personal negligence";

that the car had a fair market value before the fire of $800.00; and that it was a total loss, and found for the plaintiff for $800.00.

The defendant filed the following requests for rulings:

1. The evidence requires a finding that the defendant was a bailee for mutual benefit of plaintiff's vehicle.

2. Plaintiff to recover in this case must show that the defendant was negligent and that such negligence was the proximate cause of plaintiff's damage.

3. The evidence does not warrant a finding that the defendant was negligent.

4. The evidence does not warrant a finding that any negligence of the defendant proximately caused plaintiff's damage.

5. The evidence does not warrant a finding that the defendant caused the fire.

6. The evidence warrants a finding that plaintiff was negligent and that his negligence contrbiuted to the accident.

7. The evidence warrants a finding that plaintiff voluntarily assumed the risk or damages which resulted.

8. The evidence does not warrant a finding for the plaintiff.

The court allowed requests ##1, 2, 5, 6, and 7 and acted on the others as follows:

"3. *Denied.* This court finds that in allowing a towing operator to 'drop' or park a car in an unattended open lot at 3:00 a.m. denotes lack of reasonable safety precautions.

4. *Denied.* This court finds the parking lot was not staffed by the defendant with a watchman or similar type of attendant from 2:30 a.m. to approximately 5:00—6:00 a.m., as of September 16th thus denoting a degree of negligence with respect to plaintiff's automobile towed into defendant's lot and left for the night in an open unattended area.

8. *Denied.* This court finds that the evidence though not requiring a finding for the plaintiff permits such a finding."

On the evidence reported, the car

was left with the defendant for the repair of a flat tire. Under the circumstances, it was a bailment of the type in which the bailee owes the duty to use the degree of care towards the object bailed which a reasonably prudent and careful man would exercise with reference to his own property. *Rourke v. Cadillac Automobile Co.,* 268 Mass. 7, 8. Respecting such property, he is bound to exercise that degree of care which may reasonably be expected from ordinarily prudent persons under similar circumstances. *Hanna v. Shaw,* 244 Mass. 57, 59. If such care is not exercised, the bailee is to be deemed negligent and will be held for the results of his negligence. *Doherty v. Ernst,* 284 Mass. 341, 344; *Sandler v. Commonwealth Station Co.,* 307 Mass. 470, 474.

The burden is on the plaintiff to show such negligence. *Bean v. Security Fur Storage Warehouse, Inc.,* 344 Mass. 674, 676; *Willett v. Rich,* 142 Mass. 356; *Wood v. Remick,* 143 Mass. 453, 454.

The point to be determined is whether the destruction by fire, not caused by the defendant, could have been guarded against by the prudence, foresight, care, and skill reasonably to have been expected of the defendant in the performance of the defendant as a bailee. This determination must rest upon a consideration of all facts which the defendant with reason might have been required to know in the careful conduct of its business.

*Hecht v. Boston Wharf Co.,* 220 Mass. 397, 403.

The court, by granting the defendant's request #5 has found that the fire was not caused by the defendant. By its finding, the court has in effect ruled that the defendant has been negligent because by failing to have a watchman, it failed to discover a fire, not caused by the defendant, in a car left with it because of a flat tire. There was no evidence that if there had been a watchman that he could have stopped the fire.

The test of negligence of a bailee is the foreseeability of an event which takes place resulting in harm or damage.

Fire, not caused by a bailee, in an automobile left with a bailee because of a flat tire was not a foreseeable event under the circumstances of the case. *Morse v. Homer's, Inc.,* 295 Mass. 606, 610.

The evidence fails to show that a careful man would deem the place in which the car was left was an unsafe place to leave it while awaiting repair of a flat tire. *Rourke v. Cadillac Automobile Co.,* supra p. 8.

The court by its rulings and findings has imposed a higher standard of care upon the defendant than is required by law. *Fielding v. S. Z. Poli Realty Co.,* 274 Mass. 20; *Rubin v. Huhn,* 229 Mass. 126, 129.

The court was in error in denying the defendant's requests ##3, 4, and 8.

*The judgment for the plaintiff is reversed*

*and entry is to be made:* *Judgment for the defendant.*

Henry A. Tempone for the Plaintiff.

David W. Woods and. Merrit J. Aldrich for the Defendant.