*Western District*

## PABLO TORRES

*v.*

## LARRY E. EARLY

Argued: June 19, 1972 - Decided: Aug. 21, 1972

*Present:* Allen, P.J., Dudley, J.

Case tried to *Garvey, J.* in the District Court of Holyoke, Case No. 257-C-71.

**Dudley, J.** This is an action of contract and tort in two counts in which the plaintiff seeks to recover damages in Count 1 for the alleged breach of a bailment agreement and in Count 2 for negligence because of the manner in which the defendant cared for a motor vehicle of the plaintiff. The answer is a general denial and sets up the special defenses of contributory negligence and assumption of the risk.

**The evidence tended to show that** the plaintiff was the owner of a 1963 Chevrolet automobile and that on June 1, 1971, he delivered it to the defendant who was in the business of repairing automobiles and that the plaintiff left the car with the defendant for the purpose of having repairs made on the car.

The defendant estimated that the work to be done would cost about $110.00 and the plaintiff agreed to return to the defendant's place of business with that amount on June 4, 1971 to pay for the repairs.

Thereafter, upon a closer examination of the car, the defendant determined that the value of the car did not warrant the expenditure of $110.00 to repair it. Consequently, the defendant did $8.00 worth of work on the car and awaited the return of the plaintiff.

While awaiting the return of the plaintiff, the

car was parked with all doors locked, in an unenclosed parking area on the defendant's premises. The keys to the car were at all times in the possession of the defendant and were safely kept within the his place of business.

On or about June 5, 1971, between 8:00 and 9:00 in the morning, when the defendant arrived at his place of business for work, the defendant observed that the plaintiff's car was missing.

The defendant wrongly assumed that the plaintiff had come for and had taken his car.

The defendant took no action, at that time, with reference to the missing car.

On June 7, 1971, the plaintiff returned to the defendant's place of business with $110.00 and asked for his car. At that time it was discovered that the car had been stolen.

The plaintiff asked the defendant, on June 7th, to report the theft to the police. The defendant refused to do so and returned the keys to the car to the plaintiff who reported the theft to the police.

The car was later recovered in a neighboring community, stripped of many of its parts, and valueless.

The evidence further tended to show that the defendant had had at least one vehicle stolen from his garage in the previous year; that the defendant knew that it was easy to break into a car such as the plaintiff's, even though it was locked, and thereafter to start

the car and drive it away without keys.

Also, the evidence tended to show that the defendant, for a fee, rented space in the non-enclosed parking area, to persons who wished to park their cars there.

The defendant testified that the plaintiff's car could easily have been made inoperable by removing simple parts from the ignition.

As far as the report shows, there was no testimony as to whether or not the simple parts were removed from the ignition but for the purposes of this case it is assumed that the parts were not removed.

The plaintiff seasonably filed nineteen (19) requests for rulings.

The court, in dealing with the requests for rulings stated:— "The plaintiff's requests for rulings of law are denied, having become unapplicable by my findings of fact."

The court made findings of fact as follows:

"1. On June 1, 1971, the plaintiff, the owner of a 1963 Chevrolet motor vehicle, whose fair market value at that time did not exceed $110.00, brought it to the place of business of the defendant to have some "work done on it." The extent of the work is in dispute. The plaintiff was to "pick up the car" in two days. He did not return until seven days after, at which time it was discovered that the vehicle had been stolen.

2. The motor vehicle, while in the pos-

session of the defendant, was parked with the doors locked, in a non-enclosed parking area which was part of his premises. The keys to the car were safely retained in the possession of the defendant. How and when the car was stolen is not known.

3. The defendant was not negligent and did not breach any contract of bailment.

4. As Chief Justice Adlow said in *Kennedy* v. *Notto*, 22 Legalite, 454, "As a bailee the defendant owed a duty of care, and the caution it exercises must be con sistent with the importance and seriousness of its responsibility as caretaker. The garage owner is not an insurer. The fact that the car was stolen raises no presumption of negligence, and the burden is on the plaintiff to show sufficient evidence to warrant a finding of negligence."

5. Here the defendant was the custodian of a motor vehicle of little value and the care he exercised was in keeping with that duty. He was not the keeper of the 'Hope Diamond.'

6. He was not required, under the circumstances, to report its loss to the Police Department.

I find for the defendant.

The plaintiff's requests for rulings of law are denied, having become unapplicable by my findings of fact."

The plaintiff claims to be aggrieved by the denial of the individual requests for rulings as follows:

1. The evidence supports a finding that the defendant was a bailee for hire or consideration of a 1963 Chevrolet Station wagon owned by the plaintiff who was the bailor.

2. The evidence supports a finding that there was a contract for bailment between plaintiff and defendant of a 1963 Chevrolet belonging to the plaintiff, with plaintiff as bailor and defendant as bailee.

3. The evidence supports a finding that as regards a 1963 Chevrolet owned by plaintiff, a bailment existed between plaintiff and defendant with plaintiff as bailor and defendant as bailee.

4. A bailee for hire or consideration is obligated to use the ordinary care of a man of common prudence in similar circumstances in keeping the bailed chattel which has been entrusted to the bailee.

5. The evidence supports a finding that there was an implied undertaking by defendant running to plaintiff that defendant would use ordinary and reasonable care and diligence which may be reasonably expected from ordinary prudent persons in similar circumstances in keeping the bailed 1963 Chevrolet belonging to the plaintiff.

6. The receipt of bailed chattel by the bailee and its disappearance while in the possession of the bailee, with no explanation for the disappearance, will permit a finding that the bailee was negligent.

7. Where a bailed chattel has been received by a bailee-defendant and then this bailed chattel has disappeared while in the possession of the bailee-defendant, the burden of going forward with the evidence falls on the said bailee-defendant.

8. A bailor who can prove that he left chattel with the bailee under a contract of bailment for hire has made out a prima facie case for breach of bailment contract if the bailor shows the bailee could not produce the bailed chattel upon request, and the bailee had no adequate explanation for the disappearance of the chattel.

9. The evidence supports a finding that the plaintiff has made out a prima facie case for breach of the bailment contract, on showing that the bailed auto was given to defendant and then showing defendant's refusal to return the bailed auto, which refusal was unexplained.

10. The evidence supports a finding that defendant was negligent.

11. The evidence supports a finding that the defendant was negligent in not notifying the police as soon as they discovered the 1963 Chevrolet belonging to the plaintiff was missing.

12. The evidence supports a finding that defendant was negligent in its failure to maintain adequate security devices to prevent the theft of a customers' car left in defendant's care.

13. The evidence supports a finding that defendant has breached its implied duty to use reasonable and ordinary care and diligence in keeping the bailed 1963 Chevrolet belonging to plaintiff.

14. A bailees' duty of care and diligence toward the bailed chattel is proportional to the value of the bailed chattel, the temptation and facility of stealing it, and the danger of losing the bailed chattel.

15. The evidence supports a finding that defendant was negligent in that defendant did not exercise the proper duty, care and diligence due the plaintiff and the care of the bailed 1963 Chevrolet with regard to the facility with which it could be stolen, and the temptation for stealing it, and the danger that it would be stolen.

16. The bailee of a bailed chattel is bound to anticipate the likelihood that it will be stolen, as part of his duty of care and diligence, and to apprehend and guard against the likelihood of theft of the bailed chattel.

17. The evidence warrants a finding that the defendant did not discharge his

proper duty of care and diligence to plaintiff by properly anticipating the likelihood that the bailed 1963 Chevrolet would be stolen and by guarding against the likelihood of theft of the 1963 Chevrolet.

18. The evidence warrants a finding that defendant may be held liable for negligence even if he did not foresee the precise manner of the theft of the 1963 Chevrolet because risk of loss by theft of the 1963 Chevrolet was something the defendant could and should have foreseen, and thus guarded against.

19. The evidence does not warrant a finding that plaintiff waived any rights to have the defendant exercise ordinary due care in keeping the bailed 1963 Chevrolet. We find no prejudicial error.

A judge sitting without a jury performs a dual function. He is both a judge of law and a trier of facts. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215, 219. *Sreda* v. *Kessel*, 310 Mass. 588, 589. *Memishian* v. *Phipps*, 311 Mass. 521, 522, 523. *Perry* v. *Hanover*, 314 Mass. 167, 173.

We find that the trial judge performed his

duty as a judge of the law and a trier of fact in making his special findings and his decision thereon.

The trial judge, in his special findings referred to the case of *Kennedy* v. *Notto,* 22 Legalite, 454. This was harmless error as it is obvious from an examination of 22 Legalite, page 454 and from reading the quotation of law to which he referred in his findings, that the trial judge intended to refer to the case of *Forbro* v. *Hotel Somerset,* 47 Mass. App. Dec. 48, 50-51, 22 Legalite, 455, where the applicable rule of law appears.

 A request, predicated upon the sufficiency of the evidence to warrant a finding which is decisive of an issue in the case is a "proper," "pertinent" or "relevant" request for a ruling of law and not a request for a finding of fact, and must be passed on by the judge. The denial of such a request, or the failure to act upon it which is treated as a denial, raises a question of law. *Bresnick* v. *Heath,* 292 Mass. 293. *Hurley* v. *Ornstein,* 311 Mass. 477, 480. *Stella* v. *Curtis,* 348 Mass. 458, 461.

 It does not follow, however, that every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion requires action by the judge. To require judicial answer it must relate to a fact or factual aspect of the case that is dispositive or decisive of an issue in the case. *Barnes* v.

*Berkshire St. RR,* 281 Mass. 47, 50, 53. *Stella* v. *Curtis,* 348 Mass. 458, 462.

██. Under our practise it is clear that generally in an action at law a judge is not required to pass on requests for findings of fact, and his denial of them or failure to act upon them presents no question of law. *Stella* v. *Curtis,* 348 Mass. 458, 461.

██. The findings of fact by the trial judge, brings before the Appellate Division the question of law whether or not the evidence warranted the ultimate finding. *Sullivan* v. *Aussebel,* 39 Mass. App. Dec. 222, 227.

██ Although a finding of fact is not a proper subject of a report, the issue whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts raises a question of law which may be reported. *Soutier* v. *Kaplow,* 330 Mass. 448, 450. *Leschevsky* v. *American Employers,* 293 Mass. 164, 167. In his findings the trial judge correctly referred to the legal duty of a bailee in caring for the bailed property. He found as a fact that the defendant was not negligent and did not breach any contract of bailment.

██ A bailee is not an insurer of the safety of property left in his custody but in a bailment for the mutual benefit of the bailor and the bailee, he is bound to exercise that degree of care which reasonably may be expected from ordinarily prudent persons in similar circum-

stances. *Hale v. Mass. Parking Authority*, 358 Mass. ——.

That is the bailee must exercise ordinary care in using and keeping the chattel. Dobie, Bailments 118. Jones, Bailments 88. Story, Bailments §§ 398, 399.

 Ordinary care is that degree of care which men of ordinary prudence would exercise under like circumstances. The term is one of intense relativity and the question whether the bailee has exercised such care can never accurately be answered, apart from the circumstances of each individual case.

The nature of the chattel, its value, weight, whether it is animate or inanimate, and a thousand other considerations enter into the problem, which is in each particular instance, an intensely practical one, to be worked out in harmony with the dictates of sound common sense. Dobie, p. 120.

 "It seems accurate, according to the weight of authority, and also on principle, to say that, since the negligence of the bailee is a fact upon which the bailor's right to recover is based, the burden or proof as to such negligence rests at the outset on the plaintiff bailor and remains on him all during the trial.

"But by proving that the goods were delivered to the bailee in good condition and that they were returned in a damaged condition or not returned at all, the plaintiff thereby makes out a *prima facie* case of negligence and thus

imposes upon the defendant the duty of going forward with the evidence under penalty of losing the suit." Dobie, Bailments and Carriers — Hornbook Series 1914 Edition, page 37 and cases cited under note No. 5.

Unlike common carriers, innkeepers and certain other bailees for hire, a garage keeper is in no sense an insurer of the property committed to his care. *Hanna* v. *Shaw*, 244 Mass. 57, 59 and cases cited. The burden of proof does not shift to the defendant but remains with the plaintiff. *Willett* v. *Rich*, 142 Mass. 356, 360. *Hanna* v. *Shaw*, 244 Mass. 57, 60. The question of negligence is ordinarily a question of fact. *Hanna* v. *Shaw*, 244 Mass. 57, 61.

Here, the court found as a fact that the defendant was not negligent and we find that the evidence warranted that finding.

Most of the plaintiff's so-called "requests for rulings" are in actuality requests for findings of fact. The mere fact that they were described with others under the heading of "Request for Rulings" does not transform them into requests for rulings of law. *Castano* v. *Leone*, 278 Mass. 429, 431 and cases cited.

The trial judge was not required to find as a fact that the defendant was negligent. The burden of proof of establishing the negligence of the defendant rested on the plaintiff.

It is rarely that a finding of negligence as a fact can be required as a matter of right. Commonly it must be determined as a

matter of fact upon a consideration of all of the evidence. We find that the case at bar falls within the general rule. *McDonough* v. *Metropolitan Life Ins. Co.,* 228 Mass. 450, 452. *Castano* v. *Leone,* 278 Mass. 429 and cases cited.

The finding that the defendant was not negligent cannot be pronounced unsupported by evidence and must be accepted as final. The Appellate Division can not review findings of fact. *Loanes* v. *Gast,* 216 Mass. 197, 199.

The judge in the present case found as a fact that the defendant was not guilty of negligence.

Thus the record shows that the ultimate decision for the defendant was not due to an erroneous view of the law. See: *Perry* v. *Hanover,* 314 Mass. 167, 175 and cases cited.

**Finding no prejudicial error on the part of the trial judge, the report is dismissed.**

*The reporter was not supplied with names of counsel.*