Nash, J.
This is an action of contract in which the plaintiff seeks to recover the sum of $122.90. This amount was admitted as due. The defendant filed a declaration in set-off alleging the plaintiff owed the defendant the sum of $137.00 which the plaintiff in .set-off denied and further alleged payment. The trial judge found-that the plaintiff conducts a laundry and cleaning establishment; that the defendant, a tailor, delivered to the plaintiff clothing to be cleansed and that before it was re-delivered to the defendant it was destroyed by fire; that “there was no evidence that the fire was not caused by the negligence of the plaintiff”; 'that the plaintiff gave the defendant $110.00¡ on 'account of the loss; .that there was testimony as to the number and value of the articles lost; that the amount received from the plaintiff was not accepted by the defendant in settlement of his claim for loss of the goods and ¡that *21 there was no accord and satisfaction. The trial judge found for the plaintiff in the sum of $122.90 and for the defendant in set-off in the sum of $137.00. The plaintiff duly filed eleven requests for rulings: The seventh request for ruling was'—
7. “A bailee accepting articles for repair or cleaning is liable only in the event he fails to exercise such a care as a reasonable and prudent man would have used under like circumstances:”
This request was given by the trial judge as a “correct statement of law with the qualification that in order to be relieved from liability it must appear that the loss occurred without fault on his part or by reason of something over which the bailee had not control or power to prevent”. This disposition of the ruling coupled with the further finding of fact 'that “there was no evidence that the fire was not caused by the negligence of the plaintiff” leads to' the inevitable conclusion that the case was decided upon the trial judge’s belief that the burden of proof was upon the plaintiff to prove that he was free from negligence. There was no' evidence in the case introduced by either side on the question of negligence.
We think the burden of proving the negligence of the plaintiff was upon the defendant. What was the contract entered into7 The defendant sent clothes to the plaintiff to be cleansed and returned for which he was to be paid. The defendant doe's not allege the plaintiff to be an insurer, the trial judge did not so term him, nor do the facts warrant any such finding but rather lead to the conclusion that the plaintiff owed the defendant the duty of using ordinary and reasonable care and diligence in keeping the goods; and unless he has failed in this obligation he has committed no breach of his contract. In order to prove his ease it was incumbent upon the defendant ,to prove- that the plaintiff *22 had committed a breach of the contract in that he had failed to exercise that degree of care that he was obliged to use. Willett vs. Rich, 142 Mass. 356, 357, 358 and cases cited.
This common law rule was changed in so far as ware-housemen are concerned by the enactment of General Laws (Ter. Ed.) Chapter 105, Section 15—
“A warehouseman, in the absence of a lawful excuse provided by this chapter, is bound to deliver the. goods upon a demand made either by the. holder of a receipt for the goods or by the depositor, if such demand is accompanied by—
(a) An offer to satisfy the warehouseman’s lien;
(b) An offer to surrender properly endorsed the receipt, if negotiable; and
(c) A readiness and willingness- to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman.
“If the warehouseman refuses or fails to deliver the goods, in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal or failure.”
This change of the burden- of proof applies to warehouse-men, and to them only because of the statute set forth, Rudy vs. Quincy Market Cold Storage and Warehouse Co., 249 Mass. 492, but does not change the common law as to the burden of proof being on the plaintiff in case of a negligent loss under this bind of contract and .this "burden does not shift but remains upon the plaintiff throughout the trial. Willett vs. Rich, supra, Hanna vs. Shaw, 244 Mass. 57, 60, 61, Bellows vs. Worcester Storage Co., 297 Mass. 188, 193.
As the finding must be in favor of the plaintiff we treat all other issues raised as waived without discussion. The judgment for the defendant on his amended declaration in set-off for $137.00 is- vacated and judgment is entered for the plaintiff.