COLLINS REALTY COMPANY, complainant-appellee,

*v.*

GEORGE T. SALE et al., defendants-appellants.

[Argued October 19th, 1928.   Decided February 4th, 1929.]

*Messrs. Bolte & Tripician (Mr. Louis N. Tripician,* of counsel), for the appellants George T. Sale, William J. Kerns, Mrs. William J. Kerns, Isaac D. Hetzel, Henry Franz and Mrs. Henry Franz.

*Mr. Carlton Godfrey (Mr. William I. Garrison,* of counsel), for the appellants Ernest Schwehm, Emma Schwehm, William Freihoffer, Sarah Freihoffer, Stacy White and Mary R. White.

*Mr. William M. Clevenger,* for the appellee.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from a decree in chancery, based on the report of a master, in a suit to foreclose a purchase-money mortgage for $140,000, dated April 12th, 1926, given to secure a bond of the same date, payable any time within four years from the date thereof. The complainant corporation, which formerly owned the mortgaged premises, entered into an agreement for the sale of same with the defendant George T. Sale, who assigned his interest in said agreement to one William F. Basquil, to whom the property was conveyed, and who executed the mortgage in question. Basquil, on the same day he obtained title, transferred it to the said defendant, Sale, who now holds the title, in trust, for himself and the other defendants. The mortgage contained the usual clauses relating to default in the payment of interest, taxes and assessments, including the following provisions:

"And shall pay the taxes assessed upon the premises hereinafter described for the first half of every year on or before the 20th day of May therein, and for the second half of every year on or before the 20th day of November therein, and shall produce the receipts for taxes for each half of every year on or before the first day of June and the first day of December respectively therein; and should pay all other taxes, assessments and charges in nature thereof that might be laid or levied upon the lands and premises hereinafter described immediately upon their assessment;" * * * "And should produce to the said party of the second part, or its successors or assigns, receipts for all taxes, assessments and charges in nature thereof laid or levied upon the said mortgaged premises, within thirty days after the same should first become due and payable." *. * * "And provided further, however, and it was thereby expressly agreed, that if default should be made in the production in any year of the tax receipts, as therein provided and covenanted as aforesaid, or in payment of said taxes, assessments and charges as therein agreed as aforesaid, or in keeping the buildings erected upon said lands insured, and the policies and certificates thereof assigned or endorsed as aforesaid, or if at any time default should be made in payment of interest as aforesaid for the space of thirty days after any semi-annual payment thereof should fall due, then and in every such case, whether it be the first or any subsequent default, the whole principal debt aforesaid should, at the option of the said party of the second part, its successors or assigns, become due and payable immediately, and payment of said principal debt and all interest thereon might be enforced and recovered at once, anything therein contained to the contrary notwithstanding."

The bill of complaint alleges that the defendants defaulted in the payment of interest due April 12th, 1927, also in the payment of taxes and the production of tax receipts for the first half of the year 1927, and the entire year of 1926. The main grounds for resisting the foreclosure are, that defendants tendered payment of six months' interest due April 12th, 1927, within thirty days thereafter, in accordance with the terms and conditions of the mortgage, which was refused by the duly authorized agent of the company; and further, that the default in the payment of taxes was occasioned by the acts and declarations of the president of the complainant corporation.

The master found, and we concur, that there had been no default in the payment of interest, or taxes, for the first half of the year 1927, as alleged, but that the defendants had defaulted with respect to the payment of taxes and production of tax receipts for the first and second half of the year 1926.

It appears from the undisputed facts, as set forth in the testimony, that the complainant corporation, by its agent, having full authority to act, informed the defendant, prior to the date when the interest payment of April 12th, 1927, would be in default, that said interest would not be accepted, because the complainant might be placed in a position whereby it could not proceed with its foreclosure, by reason of the tax payment default. This, in our opinion, constitutes a sufficient excuse for the defendant not making the payment or tender of the interest due, as a formal tender is never required where it appears that if it had been made, the money would not have been received. It is not denied that taxes for the first half of the year 1927 were paid on May 27th, 1927, which was within the time allowed by the terms of the mortgage, consequently there was no default.

With respect to the default in the payment of 1926 taxes, it appears that when the deed was delivered and adjustments made, an allowance of $1,191.69 was made to the purchaser for the seller's portion of the taxes from January 1st to April 12th, 1926, the date the title passed, and at the same time, the grantor deposited with the title company the sum

of $5,000, to cover the payment of 1925 taxes, an appeal having previously been taken from the assessment for that year. The appeal was subsequently withdrawn, and the 1925 taxes, amounting to $4,748.33, were paid July 22d, 1926. The defendants paid no taxes during the year 1926, and on February 2d, 1927, the complainant gave notice that it had elected to call the principal of the mortgage in advance of the due date, by reason of said default. On March 2d, 1927, the defendant paid all 1926 taxes. The complainant's right to foreclose having matured several months before the taxes were paid, it filed a bill of complaint for that purpose, July 27th, 1927.

The defendants contend that the failure to meet the terms and conditions of the mortgage was attributable to the declarations of Nur J. Collins, president of the complainant corporation, made at the time title passed, and that the 1926 tax default was the result of an honest misapprehension on their part by reason thereof. The only testimony to support such defense was given by the defendant Sale, and is as follows:

"*Q*. Anything said at that time in reference to any taxes that might come due on the property thereafter, while you were the owner of it, or anyone connected with you?

"*A*. Yes, sir; he said if the taxes went delinquent he wasn't, that he wouldn't stand to lose anything, and that he wasn't so much interested in the terms of the mortgage as he was in getting that tax off, the very words he said.

"*Q*. Mr. Sale, won't you repeat exactly the conversation you had with Mr. Collins that relates to the taxes that might come due in 1926, or after your settlement, while you were the owner of the property?

"*A*. He said that nobody would be hurt in the matter, if the taxes were not paid, he had sufficient money down on the property to secure the sale.

"*Q*. Is that all he said? Was there anything said in regard to the taxes particularly?

"*A*. Nothing except those particular taxes that was to be adjusted, and we could not pay out of settlement."

The above testimony was met with a complete denial by Collins, and was uncorroborated by any other evidence, although there were several persons present at the settlement, which when considered with the fact that the complainant contributed $1,191.69 toward the payment of 1926 taxes, leads to the conclusion, even if the alleged statements could be regarded as sufficient to mislead the defendants, that they have not sustained the burden of proof, imposed upon them, to prove that the failure to pay 1926 taxes was due to the conduct of Collins. Whenever the existence of any fact is necessary in order that a party may make out his case or establish a defense, the burden is on such party to show the existence of such facts, and if he desires any court to give judgment as to any legal right or liability, dependent on the existence or non-existence of facts, which he asserts or denies to exist, he must prove that those facts do or do not exist in order to be entitled to relief. *Willett* v. *Rich, 142 Mass. 356.*

The defendants also argue that the alleged statements of Collins, made at the time the mortgage was executed, constituted a parol agreement, to waive the stipulation relating to the payment of taxes, and should bar the complainant's right to foreclose. This contention is unsound and without merit, as it is well settled that parol testimony cannot be introduced to vary, add to or alter a written instrument, which in itself is clear and free from doubt, in the absence of fraud, surprise or mistake, and where a written agreement is complete, its terms cannot be varied or contradicted by parol evidence of a contemporaneous verbal understanding. *Platt* v. *Currie, 100 N. J. Eq. 543.*

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, HETFIELD, DEAR, JJ. 10.

*For reversal*—None.