**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5629-18T2

VITO SCARVAGLIONE,
VITO TREE CARE AND
LAND MANAGEMENT, INC.,

     Plaintiffs-Respondents,

v.

MANSOL REALTY
ASSOCIATES,

     Defendant-Appellant,

and

STEWART INFORMATION
SERVICES CORPORATION d/b/a
STEWART TITLE GUARANTY
COMPANY, LAWYERS TITLE
INSURANCE CORPORATION,

     Defendants.

_____

Argued November 9, 2020 – Decided  December 3, 2020

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000180-17.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the brief).

Charles J. Lange, Jr. argued the cause for respondents.

PER CURIAM

This case involves a plaintiff's claim that defendant, an adjoining property owner, interfered with plaintiff's easement rights under a deed. Plaintiff contended defendant violated the easement by enlarging a loading dock platform and impeding plaintiff's vehicles' ingress and egress to the site. Following a bench trial, the trial court found such unreasonable interference and ordered the loading dock to be removed and replaced with a portable or retractable one. Defendant appeals, and we affirm.

## I.

The following facts are derived from the trial record.

In 1954, Sol Feldman and two other parties conveyed part of a tract they owned to Learnard Chevrolet, Inc. The 1954 deed granted Learnard Chevrolet and any successors a ten-foot-wide easement of ingress and egress to Feldman's adjoining lot. The consideration was $1.

There was a loading platform on Feldman's property from approximately 1953 onward. The loading platform faced the ten-foot-wide driveway.

Eventually, through a series of transfers, Learnard Chevrolet's property and the easement rights were conveyed in 2008 to the current plaintiff, Vito Scarvaglione,[1] who had been a tenant on the property since 2005.

Scarvaglione operates a tree-cutting business. Scarvaglione brings large logs through the property to be processed into firewood. He uses what the record describes as big lengthy trucks for that purpose.

In 1954, Feldman and his partners conveyed their parcel to the present defendant, Mansol Realty Associates. Mansol currently leases its parcel to Usdan & Sons Inc., an industrial paper manufacturer. Usdan uses the loading dock daily to receive large shipments of raw materials from paper mills and to ship Usdan finished paper products to customers. About fifteen employees of Usdan work on the Mansol property.

The dispute here concerns whether the loading dock was improperly expanded by Mansol in or about 2008 in a manner that unreasonably interferes with the

---

[1] Mr. Scarvaglione's company, Vito Tree Care and Land Management, is a co-plaintiff. For ease of discussion, we shall refer to Mr. Scarvaglione and his company collectively as "Scarvaglione" or "plaintiff."

easement.[2]  Scarvaglione contends that the dock was expanded and that it impedes his ability to get his trucks in and out of the property and thereby deprives him of the full benefit of the easement.  Mansol, in response, contends that the loading dock was not actually expanded in 2008, and that, in any event, Scarvaglione's easement does not have the right to have ingress and egress by what it characterizes as "massive"-sized trucks.

Mansol also argues the easement had been reacquired by Mansol through adverse possession or, alternatively, that the easement had been abandoned.  Mansol further argues that the easement represents an improper restraint on the alienation of property, and that public policy demands that it not be construed as expansively as Scarvaglione contends.

After hearing testimony from elderly fact witnesses for the defense who attempted to recall how the loading dock appeared back in the 1950s, and comparing photographs of the prior condition with the present condition, the trial judge,

---

[2]  We are well aware of the lapse of more than a decade between the alleged expansion in 2008 and plaintiff's commencement of suit in 2017.  Counsel have represented to us that plaintiff or his attorney had complained to Mansol about the situation years before filing suit.  In rejecting defendant's claims of adverse possession and abandonment, the judge concluded it would be unfair to plaintiff to hold it against him that "he did not file a lawsuit sooner."  We also note defendant did not assert in the trial court that plaintiff's case is barred by principles of laches or estoppel.

A-5629-18T2

Honorable Jodi Lee Alper, ruled in favor of Scarvaglione. The judge found Scarvaglione to be a "very credible" witness. She did not make similar findings about the defense witnesses, who had inconsistent accounts and recollections. The judge found that the easement had neither been abandoned, nor reacquired by Mansol through adverse possession.

Further, Judge Alper compared the before-and-after photographs regarding the loading dock. Based on that comparison, the judge concluded that the loading dock area had been expanded in a manner that violated the terms of the easement.

Rather than requiring the loading dock to be demolished unconditionally, the judge gave Mansol the option of installing a portable or retractable loading dock so that the property could accommodate the trucks from Scarvaglione but also allow the loading dock to be utilized by Mansol's tenant. According to Scarvaglione's trial testimony, such a portable loading platform could be easily installed and would cost only about five to ten thousand dollars.

## II.

On appeal, Mansol urges that we set aside the trial judge's findings. Among other things, Mansol argues, for the first time on appeal, that plaintiff's large trucks excessively used the easement right-of-way to a degree beyond which the parties allegedly contemplated at the time of the deed. Mansol further contends plaintiff did not sustain its burden of proving an expansion of the easement because it did not

provide specific measurements of the dimensions of that expansion. Mansol also reiterates the legal arguments it raised below concerning the merits. Lastly, with respect to remedy, Mansol objects to the judge's determination that the loading dock needs to be dismantled and replaced with a portable or retractable one.

Having duly considered defendant's arguments, we affirm the judgment issued by the trial court. We do so substantially for the sound reasons articulated in Judge Alper's oral opinion on June 28, 2019, as amplified by her August 16, 2019 oral opinion denying defendant's post-judgment motion to modify the court's remedy. We only add a few remarks.

First, we decline to grant defendant relief based on its newly minted argument that plaintiff's large vehicles unreasonably make use of the ingress and egress rights granted by the 1954 deed. This was not an argument raised below by defendant's trial counsel, and we decline to set aside the judgment on this basis. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Moreover, the parties did not develop the record in the trial court to establish (1) exactly when plaintiff first began, perhaps as a tenant before 2008, to drive large trucks onto the property and (2) the intended meaning of the term "vehicles" in the 1954 grant.

Second, we are unpersuaded plaintiff failed in his burden of proof to establish his easement right was interfered with unreasonably by the reconstructed loading dock. Collins Realty Co. v. Sale, 104 N.J. Eq. 138, 142 (E. & A. 1929). It has long

6

been established that "there is, arising out of every easement, an implied right to do what is reasonably necessary for its complete enjoyment, that right to be exercised, however, in such reasonable manner as to avoid unnecessary increases in the burden upon the landowner." Tide-Water Pipe Co. v. Blair Holding Co., 42 N.J. 591, 604 (1964) (citing Lidgerwood Ests., Inc. v. Pub. Serv. Elec. & Gas Co., 113 N.J. Eq. 403 (Ch. 1933)). The trial court had sufficient evidence, even without precise measurements, to conclude from the photographs and testimony that the loading dock had been materially enlarged by defendant to an extent that it intrudes upon plaintiff's use of the easement.

The trial court also had ample ground to reject defendant's theories of abandonment and adverse possession. We must defer to the judge, as the trier of fact, in her assessment of the credibility of the respective witnesses, and her finding that plaintiff's testimony was more credible than that of the defense's witnesses. Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011); Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974).

Lastly, we likewise defer to the trial judge's equitable determination that the loading dock must be dismantled and replaced at defendant's expense with a retractable or foldable dock. "In fashioning relief, [a] Chancery judge has broad discretionary power to adapt equitable remedies to the particular circumstances of a given case." Marioni v. Roxy Garments Delivery Co., Inc., 417 N.J. Super. 269, 275

7

(App. Div. 2010) (citing <u>Salorio v. Glaser</u>, 93 N.J. 447, 469 (1983)).  The judge did not manifestly abuse her discretion in this instance.  In fact, the judge adopted the alternative remedy based on the unrefuted testimony of plaintiff estimating the costs of such a device.[3]

To the extent we have not already discussed them specifically, defendant's remaining arguments lack sufficient merit to warrant discussion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  We were advised at oral argument, by way of update, that defendant elected to redesign its building and has erected a new loading dock in a different location not facing the easement.